**STATE INDUSTRIES, INC., Appellant,**

v.

**Thomas W. FAIN, et al., Appellees.**

**No. 10–99–145–CV.**

Court of Appeals of Texas,
· Waco.

Nov. 29, 2000.

Rehearing Overruled March 21, 2001.

David Sibley, Naman, Howell, Smith & Lee, Waco, David Clarke, Jr., Piper & Marbury, L.L.P., Washington, DC, for appellant.

John Hinderaker, Faegre & Benson, L.L.P., Minneapolis, MN, George S. McCall, Kern & Wooley, Irving, for appellees.

Before Chief Justice DAVIS, Justices VANCE and GRAY.

## OPINION

GRAY, Justice.

This is an interlocutory appeal of an order certifying three groups of water heater consumers into a class action suit. TEX.R APP.P. 28; TEX.CIV.PRAC. & REM.CODE § 51.014(3) (Vernon 2000). We reverse

the trial court's order and remand for further proceedings consistent with this opinion.

The appellees filed a petition for class action certification alleging that State Industries, Inc. (State) manufactured and sold defectively designed hot water heaters which rendered their products susceptible to excessive corrosion. The trial court granted the certification and divided the plaintiffs into three classes.

## BURDEN OF PROOF

■ The plaintiffs carry the burden of establishing their right to maintain a class action at the certification hearing. *Weatherly v. Deloitte & Touche,* 905 S.W.2d 642, 647 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd w.o.j.). They must do more than merely allege that the requirements have been met. However, they are not required to prove a prima facie case or make an extensive evidentiary showing in support of certification. *Id.* The court may base its decision on pleadings or other material in the record. *Id.; Health & Tennis Corp.,* 928 S.W.2d at 587.

## STANDARD AND SCOPE OF REVIEW [1]

■ A trial court enjoys broad discretion in making the decision to certify a class. *Weatherly v. Deloitte & Touche,* 905 S.W.2d 642, 647 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd w.o.j.). We review the court's certification decision for an abuse of discretion. *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 955 (Tex. 1996); *Sun Coast Resources, Inc. v. Cooper,* 967 S.W.2d 525, 529 (Tex.App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.). A trial court abuses its discretion when ruling on class certification if it (1) does not properly apply the law to the undisputed facts, (2) acts arbitrarily or unreasonably, or (3) rules upon factual assertions not

supported by the record. *Spera v. Fleming, Hovenkamp & Grayson,* 4 S.W.3d 805, 810 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Sun Coast Resources,* 967 S.W.2d at 529.

■ When reviewing the merits of the court's decision, we are limited to considering the material that was before the court at the time that it ruled. *Methodist Hospitals of Dallas v. Tall,* 972 S.W.2d 894, 898 (Tex.App.—Corpus Christi 1998, no pet.). As a general rule, documents not admitted into evidence are not considered by an appellate court. *See Reyes v. Reyes,* 946 S.W.2d 627, 630 (Tex.App.—Waco 1997, no writ); *Vanscot Concrete Co. v. Bailey,* 862 S.W.2d 781, 783 (Tex.App.—Fort Worth 1993), *aff'd,* 894 S.W.2d 757 (Tex.1995).

## CLASS CERTIFICATION STANDARDS UNDER RULE 42 [2]

■ There is no right to bring a lawsuit as a class action. *Sun Coast Resources,* 967 S.W.2d at 529. Rather, to achieve class status, the proponent of the claim must satisfy all four criteria of Rule 42(a) and at least one of the conditions in Rule 42(b). Tex.R.Civ.P. 42(a), (b); *Southwestern Refining Co. v. Bernal,* 22 S.W.3d 425, 2000 WL 566745 *7 (Tex.2000); *Sun Coast Resources,* 967 S.W.2d at 529.

■ Rule 42 states in pertinent part: Rule 42. Class Actions

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the represen-

---

**1.** *See Monsanto v. Davis,* 25 S.W.3d 773, (Tex. App.—Waco July 26, 2000, pet. dism'd w.o.j.).

**2.** All references to Rules are to the Texas Rules of Civil Procedure unless specifically noted otherwise.

tative parties will fairly and adequately protect the interest of the class.

. . .

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . .

(4) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the class in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Tex.R.Civ.P. 42.[3]

Rule 42(a) requires the putative class representatives to show:

(1) numerosity—the class is so numerous that joinder of all members is impracticable. *Rainbow Group, Ltd. v. Johnson,* 990 S.W.2d 351, 356 (Tex. App.—Austin 1999, pet dism'd w.o.j.). Numerosity is not based on numbers alone, but includes such factors as judicial economy, the nature of the action, geographical location of class members, and the likelihood that class members would be unable to prosecute individual lawsuits. *Id.* at 35;

(2) commonality—there are questions of law or fact common to the class. *Id.* Commonality requires that some, not necessarily all or even a substantial portion, of the legal of factual questions, be common to the class. *Id.* at 358. The issues must be such that when they are answered for one member of the class, they are resolved for all members of the class. *Sun Coast Resources,* 967 S.W.2d at 532. Even one common question could be sufficient to support a class action. *Microsoft Corp. v. Manning,* 914 S.W.2d 602, 611 (Tex.App.—Texarkana 1995, writ dism'd);

(3) typicality—the claims or defenses of class representatives are typical of the claims or defenses of the class. *Rainbow Group,* 990 S.W.2d at 356. To be typical of the class, the named plaintiffs must possess the same interest and suffer the same injury as the rest of the class. *Weatherly,* 905 S.W.2d at 653. Their claims must arise from the same event or course of conduct giving rise to the claims of the other class members and must be based on the same legal theory. *Id.*

(4) adequacy of representation—the class representatives will fairly and adequately protect the interests of the class. *Rainbow Group,* 990 S.W.2d at 356. There are two elements which are considered for determining if the named plaintiffs are adequate representatives of a class: (1) it must appear that the named plaintiffs will vigorously prosecute the class claims through their attorneys, and (2) there must be an absence of antagonism or conflict between the named plaintiffs' interests and the interests of the absent class members. *Sun Coast Resources,* 967 S.W.2d at 538.

Although there are five possible ways of satisfying Rule 42(b), Plaintiffs relied in the trial court, and again before us, on only one of those provisions. Plaintiffs contended that the class is proper because Rule 42(b)(4) has been satisfied. Tex. R.Civ.P. 42(b)(4). Under that part of the Rule, a class action may be maintained if,

---

**3.** Appellants and Appellees sought to disprove or prove elements of Rule 42(a) and (b)(4), thus subsections (1)-(3) of Rule 42(b) have not been set out. Tex R.Civ.P. 42(a)(b)(1–4).

in addition to the elements of Rule 42(a), the proponent shows that prosecution of a class action is superior to regular litigation and that common questions predominate the issue in dispute.

In essence, Fain was required to make a showing of "numerosity," "commonality," "typicality," and "adequacy," under Rule 42(a). *See Health & Tennis Corp. v. Jackson,* 928 S.W.2d 583, 587 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.). Under Rule 42(b)(4), Fain must show that questions common to the class "predominate" and that a class action is "superior" to other methods of resolving the controversy. *Id.*

### THEORIES OF THE CASE

Appellees maintain that this is a case involving a design defect with claims of negligence, strict liability, unjust enrichment, and breach of various warranties appropriate for resolution in a class action. They argue that the heart of the suit involves the "Duron" hot water heater which eliminated "sacrificial anodes" thus resulting in a product which would fail due to its design; that this design resulted in damages to persons and property across the nation; and that damages can be determined on a class-wide basis.

### THE COURT ORDER

▇ The order certifying the class defines three classes, as follows:

Class I: Class I consists of all persons in the United States of America who have purchased for use other than resale, one or more residential electric water heaters manufactured by State Industries subsequent to the date of State Industries' design changes which *inter alia* adopted the "Duron" coating and eliminated the sacrificial anode from the tank of the water heater, such changes having occurred, upon information and belief, in approximately 1990, or who have purchased a residence containing such a water heater manufactured by State Industries. Class I by definition only includes members with damages claims against Defendant as a result of the matters alleged herein of $75,000 or less exclusive of interest and costs.

Class II: Class II consists of all members of Class I whose heating elements manufactured, sold or distributed by State Industries or its affiliates have failed due to corrosion, and have therefore been required to replace elements.

Class III: Class III consists of all members of Class I whose State Industries water heater failed, leaked or ruptured so as to require replacement. A subclass of Class III consists of those class members whose water heaters failed, leaked or ruptured in a manner that damaged the class members' homes or other property within their homes, where the total damage was in an amount of $75,000 or less exclusive of interest and costs, and who have not been compensated for such damages by State Industries.

The record shows that the court received evidence, other material and considered arguments from the parties about whether the underlying complaints against State would best be resolved as a class action. In fact, the record is replete with depositions of the plaintiffs, expert opinions about the manufacture and sale of State electric water heaters, and lists of potential complaints against State. The record shows that both parties attempted to show the respective benefits and disadvantages of a class certification. However, the crafting of the definition of the class is central to the resolution of the litigation in a manner which results in the benefits class-action litigation is intended to enjoy. An order that is too broad creates more problems for the litigants than it resolves. Thus we must carefully consider the information and evidence presented to the trial court as we review the definition of the classes.

### THE EVIDENCE

Our review of the record shows that the named plaintiffs all originate from Texas.

Of the six named plaintiffs, five lived and used their hot water heater in the Johnson County area which the evidence indicated has water which is particularly corrosive. The sixth plaintiff is from Midland. The record indicates that at least five of the six named plaintiffs complain that the water heater stopped working, or stopped producing enough hot water. To the extent that we can tell from the record, all the named Class II plaintiffs were provided parts at no cost. The defective parts were replaced or fixed for under $50 in labor and the repaired hot water heaters are functioning normally. The two Class III plaintiffs appear to have some damage to their property other than the water heater. Two plaintiffs had the hot water heater replaced at a cost of over $100. Several named plaintiffs did not hire a plumber for initial installation.[4] None of the plaintiffs filed a claim for damages with State other than this lawsuit. Four of the plaintiffs bought their units from the same distributor and admit that they did not recall reading any advertisements of the products.

## APPLICATION

The various classes as defined in the order would include every purchaser of any electric water heater manufactured by State after the date of certain changes, namely the adoption of the "Duron" coating and the elimination of a sacrificial anode. Thus, even the purchasers of conventionally manufactured electric water heaters are included in the classes as defined. Class I also includes a very large number of purchasers whose heaters have not failed and have been in service for various periods close to ten years.

No named plaintiff is typical of just Class I. All of the named plaintiffs are in either Class II or Class III. Class II is defined as those members in Class I who were required to replace the heating elements in their water heaters because it failed due to corrosion. Class III is defined as those members in Class I whose water heaters failed and required replacement of the entire units with a subclass of those who had property damage to other property which has not been compensated by State.

The classes include all persons who bought a State manufactured heater throughout the nation whether or not they still own it. Thus a single water heater could yield multiple plaintiffs. The classes also include individuals who have already satisfactorily settled their claims.[5] The class definitions make no distinction between those who bought the first model of heater manufactured after the defined changes from those who bought a later product which was manufactured with other differences in design and component materials. The classes include all who purchased the defined product without accounting for factors that may affect the normal use of the product, such as water quality and installation procedures.

The wording of the class is broad and encompasses more than the pleadings support. The named plaintiffs cannot be said to represent common issues typical to the putative classes. For example, the geographical similarities of the plaintiffs cannot be said to fairly represent issues which are typical of the class and which are so common as to predominate over individual issues at trial. TEX.R.CIV.P. 42(b). Thus, we find that the order certifying the class action was in error because it defines classes that are overbroad and in violation of Rule 42.

The classes as defined in this case would require State to defend a nationwide class action against claims of a class represented by a handful of plaintiffs primarily from one area of Texas which cannot be said to

---

4. The affidavits in the record are incomplete. The nature of J. Marlin Wade's installation and subsequent damage is unclear.

5. The record indicates that State has already paid over $40 million to resolve individual claims involving the "Duron" heater.

be representative of plaintiffs nationwide who owned different products, may or may not have installed their units on their own, suffered varying degrees of damage and inconvenience, benefitted from various warranties and may or may not have relied upon various advertisements and representations. Whether a national class action in which a Texas state court will be made to absorb suits with so many managerial difficulties is superior to alternatives available for adjudication of these claims is doubtful. The inevitable splintering of issues from such broad classes throughout trial is evident.

The class action certification order is so broad that it violates Rule 42 and is harmful to State. This harm is of such a magnitude that it requires reversal. Thus, the order certifying the class is an abuse of discretion.

## CONCLUSION

We reverse the class action certification order and remand the case for further proceedings consistent with this opinion.