In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-369 CV


____________________



HEWLETT-PACKARD COMPANY, Appellant



V.



MUZETTE ALVIS AND CRAIG PLOKHOOY, ET AL., Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A164880






MEMORANDUM OPINION (1)


 Hewlett-Packard Company ("HP") appeals from a trial court decision certifying a
nationwide mandatory class of approximately 2 million computer owners pursuant to Texas
Rule of Civil Procedure 42(b)(2) and applying Texas law to breach of warranty and
declaratory relief claims brought against HP by class members residing in each of the fifty-one jurisdictions. Specifically, appellant contends the trial court abused its discretion by
certifying a nationwide mandatory class and applying Texas law. In light of the Texas
Supreme Court's recent decision in Compaq Computer Corp. v. LaPray, 135 S.W.3d 657
(Tex. 2004), we will reverse and remand.

Background


 Here, as in LaPray, the appellees sued on behalf of a putative nationwide class of 

consumers who purchased computers containing allegedly defective floppy disk controllers
("FDCs"), which control the transfer of data between a computer's memory and a floppy
disk. Id. at 661. Contending HP breached express warranties by selling such computers,
appellees seek a declaration of rights under, and enforcement of, HP's warranties with
respect to the class's claim that the FDCs defect is covered by the warranties. The class does
not seek consequential damages.

Standard of Review


 In analyzing a class certification, the court must undertake a "rigorous analysis,"
going beyond the pleadings to understand "the claims, defenses, relevant facts, and
applicable substantive law in order to make a meaningful determination of the certification
issues." Southwestern Refining Co., Inc. v. Bernal, 22 S.W.3d 425, 435 (Tex. 2000). The
appellate court need not err on the side of the trial court decision, and if there is any doubt
that "individual issues can be considered in a manageable, time-efficient, yet fair manner,
then certification is not appropriate." Id. at 436.

 The party seeking class certification bears the burden of establishing that all the 
prerequisites for the certification are met. See State Indus., Inc. v. Fain, 38 S.W.3d 167, 169
(Tex. App.--Waco 2000, no writ); Spence v. Glock, Ges. m.b.H., 227 F.3d 308, 310 (5th Cir.
2000); Castano v. Am. Tobacco Co., 84 F.3d 734, 740 (5th Cir. 1996). (2) 

 An appellate court should reverse a trial court's certification order only if the record
shows that the trial court committed a clear abuse of discretion in certifying a class action.
Peltier Enterprises, Inc. v. Hilton, 51 S.W.3d 616, 620 (Tex. App.--Tyler 2000, pet. denied). 
However, a "trial court has no 'discretion' in determining what the law is or applying the law
to the facts." Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Therefore, even where
the law is unsettled, a trial court's erroneous legal conclusion is an abuse of discretion. See
Huie v. DeShazo, 922 S.W.2d 920, 927-28 (Tex. 1996).

 LaPray, 135 S.W.3d 657, further guides our review in enunciating certain class
certification principles applicable here:

 a. National class certification

 When the trial court considers the certification of a nationwide class action, the court's
determination of applicable substantive law is "of paramount importance." LaPray, 135
S.W.3d at 672. "If the court does not know which states' laws must be applied, it cannot
determine whether variations in the applicable laws would defeat predominance in a (b)(3)
class action or destroy the cohesiveness of a (b)(2) class." Id. (citing In re Propulsid Prods.
Liab. Litig., 208 F.R.D. 133, 146 (E.D. La. 2002) ("The need for manageability at trial which
has been clearly recognized by the Fifth Circuit and other circuits in (b)(3) actions also exists
in (b)(2) actions. The application of multiple state laws to a class makes manageability more
difficult in both (b)(3) and (b)(2) class actions.")). Thus, state variations in applicable laws
"may swamp any common issues and defeat predominance." LaPray, 135 S.W.3d at 672 
(quoting Castano v. Am. Tobacco Co., 84 F.3d at 741). The record should demonstrate that
the trial court critically analyzed how variations in state law would affect predominance. 
LaPray, 135 S.W.3d at 673.

 Further, the courts err if they fail to conduct a state-by-state analysis of the questions
of law presented before certifying a nationwide class. Id. "A proper review [analyzes] the
relevant law of each state and the variations among states." Id. at 673. Among the relevant
legal issues to be analyzed for breach of warranty claims are notice of breach of warranty;
reliance on the warranty; and available remedies, including whether recovery based on
unmanifested defects is allowed. Id. at 674-77. 

 b. Individual notice and opt-out rights where monetary damages are sought

 Individual notice and opt-out rights must be considered by a trial court considering
(b)(2) certification for any class seeking monetary damages under any theory. LaPray, 135
S.W.3d at 667 (noting further that due process may require individual notice and opt-out
rights).



 c. Individual notice and opt-out rights where no damages are sought

 Individual notice and opt-out rights should be considered by a trial court considering
(b)(2) certification for any class seeking declaratory relief involving breach of warranty
claims, but excluding damages, in order to avoid any conclusion that such classes "have tried
to 'shoehorn' their damages action into the '(b)(2) framework, depriving class members of
notice and opt-out protections.'" Id. at 670 (quoting Bolin, 231 F.3d at 976). Concerns about
such (b)(2) certifications, however, are "largely irrelevant" where the trial court orders notice
and opt-out for the (b)(2) class members. LaPray, 135 S.W.3d at 670.

 d. Rigorous Analysis

 The LaPray Court further determined trial courts are required to apply the Bernal
"rigorous analysis" standard to (b)(2) certification requests. (3) See LaPray, 135 S.W.3d at
671; see Bernal, 22 S.W.3d at 435. The Bernal Court held that "[c]ourts must perform a
'rigorous analysis' before ruling on class certification to determine whether all prerequisites
to certification have been met." Bernal, 22 S.W.3d at 435. "All prerequisites" means all four
42(a) elements as well as one of the several 42(b) elements. (4) LaPray, 135 S.W.3d at 671. 
See Tex. R. Civ. P. 42. If the class seeks (b)(2) certification, "the trial court must rigorously
analyze cohesiveness." LaPray, 135 S.W.3d at 671.

 LaPray further instructs that the degree of cohesion required depends upon whether
the class members have a right to exit the class and that often the cohesion analysis "will be
identical to the 'predominance and superiority' directive undertaken by trial courts certifying
(b)(3) classes." Id. (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 594, 117 S.Ct.
2231, 138 L.Ed.2d 689 (1997)). But, where the class is mandatory, a more rigorous
definition of class cohesion should apply. LaPray, 135 S.W.3d at 671. "[I]n such cases a
(b)(2) class 'may require more cohesiveness than [a] (b)(3) class. This is so because in [a]
(b)(2) action, unnamed members are bound by the action without the opportunity to opt
out.'" Id. (quoting Barnes, 161 F.3d at 142-43). However, where notice and opt-out rights
are included in (b)(2) certifications, "the cohesiveness required in a (b)(2) class need not be
greater than the predominance and superiority necessary for a class certified under (b)(3)."
Id.

 After the Court decided LaPray, and in view of its importance to our review of this
cause, we requested further briefing from the parties, and both complied. HP says we should
remand to the trial court for "a proper consideration of the propriety of a 'Texas only' class," 
including a "rigorous analysis" that complies with Henry Schein, Inc. v. Stromboe, 102
S.W.3d 675 (Tex. 2002), Bernal, 22 S.W.3d 425, and LaPray, 135 S.W.3d 657. Appellees
concede that certifying a national class in this case under Rule 42 would be an "obvious error
under and after LaPray." Appellees say we should reverse and remand for proceedings
consistent with LaPray.

 In its original appellate brief, HP generally attacks the certification of a nationwide
class. However, both parties now agree LaPray precludes a nationwide certification here. 
We concur and find that, in light of LaPray, the trial court erred in certifying a nationwide
class. Accordingly, we need not address HP's issues as they all relate to the propriety of
nationwide class certification. (5)
 

 Accordingly, we reverse the trial court's certification of the nationwide mandatory
(b)(2) class and remand this cause to the trial court for proceedings consistent with this
opinion.


 REVERSED AND REMANDED.

 ____________________________

 STEVE MCKEITHEN

 Chief Justice

Submitted on March 25, 2004

Opinion Delivered August 31, 2004

Before McKeithen, C.J., Burgess and Radack (6), JJ.

Chief Justice Radack concurs in the judgment only.


1. Tex. R. App. P. 47.4.
2. The Texas Supreme Court extensively relies on federal precedent in interpreting the
Texas class action rule. See, e.g., Bernal, 22 S.W.3d at 433.
3. "Generally, (b)(2) classes are premised on an assumption of homogeneity. They are
presumed to be cohesive[;] hence notice and opt-out are not mandated by the rules." LaPray,
135 S.W.3d at 670 (citations omitted). In addition, the Rule 23(b)(2) predomination
requirement essentially serves the same function as the (b)(3) procedural safeguards and
efficiency and manageability standards. Id. at 670-71. 
4. Under Rule 42(a), the plaintiff must show: (1) the class is so numerous that joinder
is impracticable (numerosity); (2) there are common questions of fact and law
(commonality); (3) the representative's claims are typical of the class ( typicality) and (4) the
representative parties will protect the interests of the class (adequacy of representation). See
Tex. R. Civ. P. 42(a).


 Under Rule 42(b), the plaintiff must show one of the following: (1) prosecution of
separate actions would create risks of inconsistent adjudication or adjudication that would
be dispositive of, or impede the protection of, interests of non-parties; (2) the party opposing
the class has acted or refused to act on grounds generally applicable to the class, thereby
making appropriate final injunctive relief or corresponding declaratory relief with respect to
the class as a whole; or (3) questions of law or fact common to class members predominate
over questions affecting only individual members, and a class action is superior to other
methods for a fair and efficient adjudication of the controversy. See Tex. R. Civ. P. 42(b).
5. HP's ten issues maintain the trial court: 

 (1) abused its discretion by certifying a nationwide mandatory class action under
42(b)(2) without conducting a "rigorous analysis" of the requirements of Rule
42;

 (2) failed to rigorously analyze the warranty laws of the various involved
jurisdictions to reach its conclusions there were no relevant variations;

 (3) abused its discretion by applying Texas law to the nationwide class claims in
violation of constitutional limitations on choice of law; 

 (4) abused its discretion in concluding Texas law should apply to claims of the
nationwide class when Texas has no contacts with the claims of any non-Texas
residents and where each class member's home state maintain's the "most
significant relationship" to that class member's claim;

 (5) abused its discretion in certifying a 42(b)(2) nationwide mandatory class where
individual legal and factual issues as well as HP's defenses destroy cohesion;

 (6) abused its discretion by adopting a trial plan precluding HP from asserting
individual defenses and presuming to try the claims under a single uniform
law;

 (7) abused its discretion in certifying the class as a nationwide mandatory class
under Rule 42(b)(2);

 (8) abused its discretion in certifying claims on behalf of the nationwide class
brought pursuant to the Texas Declaratory Judgments Act;

 (9) abused its discretion in concluding appellees and their counsel are adequate
representatives where they have willingly forgone the potential consequential
damages claim by obtaining certification of a mandatory class action affording
no opt-out rights. 

 (10) abused its discretion in concluding that the named Plaintiffs' claims are typical
of the claims of the class. 


 While issues nine and ten, as stated, are not restricted to a nationwide class, HP's
arguments of the issues are couched in terms of alleged deficiencies of representation and
typicality for a nationwide class. As in LaPray, however, such concerns are "largely
irrelevant" where the trial court orders notice and opt-out for the (b)(2) class members. 
LaPray, 135 S.W.3d at 670.

6. The Honorable Sherry Radack, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon Supp. 2004).