METHODIST HOSPITALS OF DALLAS, Appellant,

v.

Linda TALL, et al., Appellees.

No. 13–97–864–CV.

Court of Appeals of Texas, Corpus Christi.

July 2, 1998.

Roger W. Hughes, Adams & Graham, Harlingen, Karen Miller, Steven Marc Reback, Dallas, for Appellant.

Keith M. Jensen, Fort Worth, Francisco I. Pena, Edinburg, Francisco J. Rodriguez, Rodriguez, Pruneda, Tovar, Enriquez & Calvillo, McAllen, for Appellees.

Before DORSEY, YANEZ, and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

Appellant Methodist Hospitals of Dallas (MHD) brings an interlocutory appeal of an order certifying a class action against it. Appellee Linda Tall is the named representative of the class, which alleges that MHD improperly disposed of radiological films taken of Tall's children and other members of the class. Tall asserted claims for common

law negligence, negligence per se in the violation of section 241.103(a),(b) of the Texas Health & Safety Code, breach of contract, and violation of the Deceptive Trade Practices Act (DTPA), found in section seventeen of the Business and Commerce Code. We reverse the class certification and remand to the trial court.

## Procedural History

Tall filed her original petition on August 20, 1997. The petition described the DTPA cause of action as "conditional," in that the DTPA cause of action would only be asserted if Tall's other claims were not settled within sixty days of MHD's first received notice and offer of settlement. The record reflects that MHD received notice of Tall's claims on August 18, 1997. On September 15, 1997 MHD filed an answer to the petition and an unverified plea in abatement, which insisted that, under the Medical Liability and Insurance Improvement Act[1] and the DTPA[2] it was entitled to an abatement of sixty days from August 18, 1997, the date it received notice of Tall's claims. MHD's answer, which was verified, also stated that it had not received proper and/or adequate notice under section

4.01 of article 4590i and under section 17.505 of the DTPA. The record does not contain a ruling on MHD's request for an abatement.

On September 25, 1997 Tall filed a motion for class certification, and on October 7, 1997 the trial court set Tall's motion for a hearing on October 30, 1997. The hearing was held on October 30, and the trial court signed an order certifying the class on November 6, 1997.

## MHD's Motion for Continuance and Plea in Abatement

◾ MHD's first point of error contends that the trial court erred in certifying the class during the sixty day abatement period provided for under section 17.505(d)[3] of the DTPA. Tall contends that this point of error must fail because MHD's plea in abatement was unverified. MHD counters that, while the document it filed labeled "plea in abatement" was unverified, its verified original answer contained a plea in abatement, and it was therefore entitled to a sixty day abatement based on its original answer. Assuming arguendo that MHD's original answer did

---

1. TEX.REV.CIV STAT. ANN. art. 4590i § 4.01 (Vernon Supp. Pamph.1998).

2. TEX. BUS. & COM.CODE ANN. § 17.505 (Vernon Supp.1998).

3. Section 17.505 provides:

(a) As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant. During the 60–day period a written request to inspect, in a reasonable manner and at a reasonable time and place, the goods that are the subject of the consumer's action or claim may be presented to the consumer.

(b) If the giving of 60 days' written notice is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations or if the consumer's claim is asserted by way of counterclaim, the notice provided for in Subsection (a) of this section is not required, but the tender provided for by Subsection (d), Section

17.506 of this subchapter may be made within 60 days after service of the suit or counterclaim.

(c) A person against whom a suit is pending who does not receive written notice, as required by Subsection (a), may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the suit is pending. This subsection does not apply if Subsection (b) applies.

(d) The court shall abate the suit if the court, after a hearing, finds that the person is entitled to an abatement because notice was not provided as required by this section. A suit is automatically abated without the order of the court beginning on the 11th day after the date a plea in abatement is filed under Subsection (c) if the plea in abatement:

(1) is verified and alleges that the person against whom the suit is pending did not receive the written notice as required by Subsection (a); and

(2) is not controverted by an affidavit filed by the consumer before the 11th day after the date on which the plea in abatement is filed.

(e) An abatement under Subsection (d) continues until the 60th day after the date that written notice is served in compliance with Subsection (a).

contain a valid plea in abatement, we nevertheless hold that the trial court did not violate any abatement when it certified the class because certification took place after the abatement period would have ended.

If we accept that MHD's original answer filed September 15, 1997 contained a valid plea in abatement, then the suit became abated on September 26, 1997, eleven days after the plea was filed. TEX. BUS. & COM.CODE ANN. § 17.505(d) (Vernon Supp.1998). The abatement would continue until "the 60th day after the date that written notice is served." TEX. BUS. & COM.CODE ANN. § 17.505(e) (Vernon Supp.1998). MHD received notice of Tall's DTPA claim on August 18, 1997. Therefore the abatement lasted until October 17, 1997, sixty days later after MHD received notice. The hearing on the motion to certify the class was held on October 30, 1997, and the court signed the order certifying the class on November 6, 1997. The trial court did not certify the class during the abatement period. We find no error in the trial court under MHD's first issue.

■ MHD's second issue asks whether the trial court abused its discretion in denying MHD's motion to continue the hearing on class certification. The hearing on MHD's motion for a continuance was held Tuesday, October 28, 1997. At that hearing MHD told the trial judge that it needed more time to conduct discovery before the certification hearing which was scheduled for Thursday, Ocotber 30, and mentioned specifically that it had not been able to depose Ms. Tall personally and had "no information" on her or "the claims that will be made." Then the parties and the judge discussed a deposition of Tall set for later that day and when a transcript of that deposition would be available. The hearing ended this way:

> Trial Judge: What I will do is this: I am going to deny the Motion for Continuance at this time, and if the deposition somehow or another doesn't go through as expected, and all the information is not there, then you can reurge your motion.
>
> MHD's counsel: Okay. Thank you.

Two days later, the hearing on the motion to certify the class began this way:

> Trial Judge: How did the deposition go?
>
> Tall's counsel: Went fine, Your Honor. Went Tuesday and we deposed Ms. Tall, and then Mr. Reilley (MHD's counsel) deposed Ms. Tall. And my understanding is that Mr. Reilley had a draft copy of the deposition on Tuesday. Certainly he got a final copy of it by Wednesday morning.
>
> MHD's counsel: That's correct, Your Honor.
>
> Trial Judge: So we're ready to proceed ?
>
> Tall's counsel: Yes. Your Honor.
>
> MHD's counsel: Yes, Your Honor.

Based on the discussions above, we hold that MHD waived their right to complain about the trial court's denial of its motion for continuance. At the hearing on MHD's motion for continuance the trial judge made efforts to ensure that MHD's need for discovery would be addressed before it denied the motion, and advised MHD that it should reurge the motion if the discovery it needed failed to materialize. Rather than reurging the motion, MHD indicated that it had received the discovery in question and was ready to proceed. By announcing that it was ready to proceed rather than reurging its motion for continuance, MHD abandoned its motion. *See Hooks v. Brown*, 348 S.W.2d 104, 122 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e) (movant for continuance who agreed to deposition to obviate continuance waived motion when deposition took place and movant accepted deposition summary). We find no error in MHD's second issue.

### Requirements for Certification under Rule 42

■ The plaintiff has the burden in the trial court of establishing the right to proceed as a class. *Clements v. LULAC*, 800 S.W.2d 948, 952 (Tex.App.—Corpus Christi 1990, no writ). Although the plaintiff carries the burden of proof, the plaintiff is not required to make an extensive evidentiary showing in support of its motion. *Id.* The right to proceed as a class may be established by "materials" which need not meet all the requirements of evidence that would be admissible at trial. *Rio Grande Valley Gas*

*v. City of Pharr,* 962 S.W.2d 631, 640 (Tex. App.—Corpus Christi 1997, no pet. h.) On appeal, the standard of review for class certifications is "abuse of discretion." *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 955 (Tex.1996). The trial court abuses its discretion only when it fails to properly apply the law to undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions not supported by material in the record. *Health & Tennis Corp. of Am. v. Jackson,* 928 S.W.2d 583, 587 (Tex.App.—San Antonio 1996, no writ); *Weatherly v. Deloitte & Touche,* 905 S.W.2d 642, 648 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd w.o.j.); *Vinson v. Texas Commerce Bank—Houston, Nat'l Ass'n,* 880 S.W.2d 820, 823 (Tex.App.—Dallas 1994, no writ).

Seven of MHD's eight remaining issues contest whether the certification in this case complies with the statutory requirements of Texas Rules of Civil Procedure 42(a) and 42(b). Because we consider MHD's ninth issue pertaining to whether the class satisfies the requirements of rule 42(a)(1) to be dispositive, we will begin our analysis of the issues under rule 42 with rule 42(a)(1).

■ Rule 42(a)(1) requires that the class be "so numerous that joinder of all members is impractical." This determination is not based on numbers alone. *Rio Grande Valley Gas,* 962 S.W.2d at 640. Rather, the test is whether joinder of all members is impracticable in view of the size of the class and such factors as judicial economy, the nature of the action, geographical locations of class members, and the likelihood that class members would be unable to prosecute individual lawsuits. *Id.*

■ MHD argues that there is no evidence whatsoever to show that the class satisfies rule 42(a)(1), and that the court erred in inferring impracticality based only on an examination of Tall's pleadings and an assumption about the number of claimants. Tall points to an affidavit from Molly Alfers, director of the medical records department at an MHD hospital, that was submitted at the hearing on MHD's motion for reconsideration of the class certification. Her affidavit states that there are approximately 770,000

patient records for the period of time affected by this class action. In calculating an estimated cost of searching those records, she estimated that 80 per cent would have undergone x-ray studies, although the exact number of claimants has not yet been determined. Another affidavit submitted at the hearing on the motion for reconsideration, this one from Kathryn Aiello, manager for radiology at an MHD hospital, described MHD's policies for destruction of radiological films, which usually occurred seven years after the films were taken.

■ MHD argues that because these affidavits were not before the trial court at the time it certified the class, they may not be considered in support of the trial court's decision. We agree. It is axiomatic that an appellate court reviews actions of a trial court based on the materials before the trial court at the time it acted. *See, e.g., University of Tex. v. Morris,* 162 Tex. 60, 344 S.W.2d 426, 429 (1961) (appellate court's action controlled by record in trial court at time trial court acted, subsequent events may not be considered by appellate court); *compare Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 757 (Tex.1993) (labeling as "flawed" venue statute mandating appellate review of materials not before trial court at time of ruling); *compare also Bleeker v. Villarreal,* 941 S.W.2d 163, 167 (Tex.App.—Corpus Christi 1996, writ dism'd by agreement) (discussing "unique" venue standard of review).

Tall argues that the hearing on Tall's motion to certify the class and the hearing on MHD's motion for reconsideration are functionally equivalent, and no distinction should be made between the materials submitted at the two hearings. However, in the space of time between these two hearings, the trial court issued the order that is the subject matter of this appeal, namely, the certification of the class. The record before us does not indicate that the trial court ever issued a ruling on the subsequent motion for reconsideration. Because the affidavits from Alfers and Aiello were not before the trial court at the time it ordered certification, they may not be considered on appeal of the certification order.

Tall also argues that representations of counsel at a certification hearing may constitute "materials" that a trial court may consider in determining whether to certify a class, referring to *Sun Coast Resources, Inc. v. Cooper*, 967 S.W.2d 525, 539 (Tex.App.—Houston [1st Dist.] 1998, no pet. h.). However, Tall's counsel never made any representations to the trial court regarding the number of people who had x-rays taken by MHD during the years in question, nor did Tall's counsel represent that the x-rays of anyone other than Linda Tall's children had been lost or destroyed.

Finally, Tall urges us to consider her pleadings as sufficient material to satisfy rule 42(a)(1). This court has previously acknowledged the principle that class certification may be determined on basis of pleadings, though the certification determination usually should be predicated on more information than the complaint itself affords. *Rio Grande Valley Gas*, 962 S.W.2d at 640, (citing *Life Ins. Co. of Southwest v. Brister*, 722 S.W.2d 764, 772–73 (Tex.App.—Fort Worth 1986, no writ)).

Obviously, this "usually should be" standard is vague and therefore difficult to apply with certainty. We do not believe this case presents a situation where the pleadings alone support class certification. Tall's petition alleged that the class contained "thousands of members" and that MHD "routinely destroys or otherwise illegally disposes of radiological films of all or substantially all of its patients." We might be willing to accept a bare assertion that thousands of patients had x-rays taken at MHD hospitals during the ten year period covered by this class action. It is common knowledge that hospitals treat thousands of patients, and that x-rays are frequently conducted. However, we can not accept a bare assertion, entirely unsubstantiated by materials before the trial court at the time it ruled, that MHD routinely destroys the x-rays. This is not a matter of common knowledge, and we hold that, in order to meet its burden of proof, Tall was required to present something to the trial court beyond an allegation in its petition to indicate that MHD destroyed x-rays. Without any such materials, the certification or-der was based on factual assertions not supported by material in the record. *Health & Tennis Corp. of Am.* 928 S.W.2d at 587; *Weatherly*, 905 S.W.2d at 648; *Vinson*, 880 S.W.2d at 823.

We REVERSE the order of the trial court and REMAND this case to the trial court for further proceedings.