99 S.W.3d 676 (2003)
Ray LEBRON d/b/a Lebron Electronics, Appellant,
v.
CITICORP VENDOR FINANCE, INC. f/k/a Copelco Capital, Inc., Appellee.
No. 11-02-00123-CV.
Court of Appeals of Texas, Eastland.
January 30, 2003.
*677 George Boring, Joe B. Abbey, Dallas, for Dallas.
Carrie R. Mitchell, Brousseau & Associates, Dallas, for appellee.
Panel consists of: ARNOT, C.J., and McCALL, J., and McCLOUD, S.J.[*]

*678 Opinion
W.G. ARNOT, III, Chief Justice.
Ray Lebron d/b/a Lebron Electronics (Lebron) moved the trial court for class certification. The trial court denied Lebron's motion. In this accelerated appeal, Lebron asserts that the trial court abused its discretion in denying class certification. We affirm.
Lebron and Citicorp Vendor Finance, Inc. f/k/a Copelco Capital, Inc. (Citicorp) entered into two equipment lease agreements (the agreements) in 1999. Per the agreements, Lebron leased two video conference units and a copy machine.[1] On October 31, 2000, Citicorp brought this action against Lebron seeking to recover damages for Lebron's alleged failure to make payments under the agreements. On November 29, 2000, Lebron answered the suit. In December 2001, Lebron filed a counterclaim and a supplemental counterclaim alleging DTPA and usury claims against Citicorp.
On December 27, 2001, the trial court set this cause for jury trialits fourth jury trial settingon April 15, 2002. Less than a month before the trial setting, on March 20, 2002, Lebron filed an amended counterclaim alleging for the first time a class action. He stated that he was bringing the action "on behalf of himself and all persons in Texas who have executed an Equipment Lease Agreement with [Citicorp] and whose aggregate payments in the leases exceed the vendor purchase price of the equipment." Lebron alleged that the agreements were unconscionable and requested the trial court to declare the agreements null and void. Lebron also alleged that the agreements constituted sales contracts and required the payment of interest at usurious rates in the event of default. He further alleged that Citicorp had failed to deliver goods in conformity with the agreements. Lebron sought to recover damages for Citicorp's alleged DTPA violations, usury, and fraud. Lebron also sought to recover attorney's fees.
On March 26, 2002, Lebron filed a motion for class certification. On April 4, 2002, the trial court heard the motion. The trial court's docket sheet indicated that the parties waived a court reporter. Therefore, there is no reporter's record of the hearing in the appellate record. On the same day, the trial court entered its order denying Lebron's motion.
Lebron presents three issues for review. In his first issue, Lebron complains that the trial court erred in denying class certification. TEX.R.CIV.P. 42 governs class certification. We review a trial court's decision on the class certification issue under an abuse of discretion standard. Southwestern Refining Company, Inc. v. Bernal, 22 S.W.3d 425, 439 (Tex. 2000); Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 689-692 (Tex.2002). In Schein, the Supreme Court explained its holding in Bernal:
In Bernal, we expressly stated that the trial court's decision to certify a class was to be reviewed for an abuse of discretion, but we likewise expressly refused to indulge every presumption in favor of the trial court's ruling. A trial court has discretion to rule on class certification issues, and some of its determinationslike those based on its assessment of the credibility of witnesses, for examplemust be given the benefit of the doubt. But the trial court's exercise of discretion cannot be supported by every presumption that can be made in *679 its favor. As we said in Bernal, "actual, not presumed, conformance with [the rule] remains ... indispensable." Compliance with Rule 42 must be demonstrated; it cannot merely be presumed.
Henry Schein, Inc. v. Stromboe, supra at 112, ___ S.W.3d at ___, 2002 WL 31426407, *11. We do not rely on any presumptions in holding that the trial court did not abuse its discretion in denying class certification.
A party seeking class certification must meet four initial prerequisites to class certification under Rule 42(a): (1) numerosity"the class is so numerous that joinder of all members is impracticable"; (2) commonality"there are questions of law, or fact, common to the class"; (3) typicality"the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) adequacy of representation"the representative parties will fairly and adequately protect the interests of the class." Southwestern Refining Company, Inc. v. Bernal, supra at 433; Ford Motor Company v. Sheldon, 22 S.W.3d 444, 453 (Tex. 2000). Additionally, the party must also satisfy at least one of the subsections of Rule 42(b).[2]Ford Motor Company v. Sheldon, supra at 453.
A party seeking class certification is not required to prove a prima facie case or make an extensive evidentiary showing to meet the requirements of Rule 42. Graebel/Houston Movers, Inc. v. Chastain, 26 S.W.3d 24, 29 (Tex.App.-Houston [1st Dist] 2000, pet'n dism'd w.o.j.); Weatherly v. Deloitte & Touche, 905 S.W.2d 642, 647 (Tex.App.-Houston [14th Dist.] 1995, writ dism'd w.o.j.), mandamus den'd, 951 S.W.2d 394 (Tex.1997). However, to satisfy Rule 42, the party must do more than merely allege that the action meets the requirements and must "at least show some facts to support certification." Spera v. Fleming, Hovenkamp & Grayson, P.C., 4 S.W.3d 805, 810 (Tex. App.-Houston [14th Dist.] 1999, no pet'n); Weatherly v. Deloitte & Touche, supra at 647. At the certification hearing, the parties are not limited to presenting evidence that would be admissible at trial; they may also rely on pleadings and other materials that would not be admissible at trial. Rio Grande Valley Gas Co. v. City of Pharr, 962 S.W.2d 631, 640 (Tex.App.-Corpus Christi 1997, pet'n dism'd w.o.j.); Employers Casualty Company v. Texas Association of School Boards Workers' Compensation Self-Insurance Fund, 886 S.W.2d 470, 474 (Tex.App.-Austin 1994, writ dism'd w.o.j.). The party seeking class certification satisfies its burden if it presents materials showing that the action meets the requirements of Rule 42. Methodist Hospitals of Dallas v. Tall, 972 S.W.2d 894, 897 (Tex.App.-Corpus Christi 1998, no pet'n).
In our review, we are limited to considering materials that were before the trial court at the time it ruled on the certification issue. Monsanto Company v. Davis, 25 S.W.3d 773, 781 (Tex.App.-Waco 2000, writ dism'd w.o.j.). Because Lebron did not provide this court with a record of the class certification hearing, the appellate record is silent as to whether Lebron offered any testimony or materials in support of his motion. Lebron's amended counterclaim and motion for class certification were before the trial court and are included in the appellate record. Therefore, we will consider the counterclaim and the motion.
Lebron's class action allegations in his counterclaim simply tracked the language *680 of Rule 42. For example, with respect to the numerosity issue, he alleged that "[t]he above stated class is so numerous that joinder of all members is impracticable." Lebron did not allege any facts in support of his claim that the action satisfies the four requirements of Rule 42(a). As such, his class action allegations were mere conclusions.
In his motion for class certification, Lebron addressed the requirements of Rule 42. Lebron's statements, in their entirety, with respect to his claim that the action satisfies the requirements of Rule 42(a), were as follows: On numerosity, Lebron asserted that "[t]he persons in the class are so numerous that joinder of all members is impracticable." Lebron added that:
Although the exact number of class members is unknown to Ray Lebron at this time, it is ascertainable by appropriate discovery, and Ray Lebron is informed and believes that the class includes several hundred members or more. The identity and location of class members may be identified from the records maintained and possessed by the Defendant or its representatives.
On commonality, Lebron asserted that "[t]here are common questions of law or fact affecting the class." He stated that "predominant questions include: Who executed an Equipment Lease Agreement Form # TSG2000 (or similar predecessor) with COPELCO CAPITAL, INC. or CITICORP VENDOR FINANCE, INC. in the State of Texas?"
On typicality, Lebron asserted that "[t]he claims of Ray Lebron are typical of the claims of the rest of the class." Lebron identified the following questions as being typical of the class: (1) Whether the contract is conscionable on its face?; (2) Whether the contract is a lease or a sales contract?; (3) Whether the contract is usurious?; (4) Whether counter-defendant or any agent misrepresented the characteristics or uses of the equipment?; (5) Whether counter-defendant or any agent misrepresented the option purchase price?; and (6) Whether counter-defendant breached its contract with class members and misrepresented the class member remedies?
On adequacy of representation, Lebron asserted that he "will fairly and adequately represent the interest of the class." He stated that: (1) he is a member of the proposed class; (2) he has expressed an interest in representing the class; (3) he is willing to pay the costs of notice and litigation; (4) his lawyer, Joe B. Abbey, has successfully managed class actions in Federal and State courts; (5) he has no interests adverse to other members of the class; and (6) he has suffered the same harm as the class.
Lebron did not provide any evidence in support of the contentions in his motion for class certification. He did not attach any exhibits to the motion.
Lebron failed to meet any of the four requirements of Rule 42(a). To meet the numerosity requirement, Lebron had the burden of establishing that "the class is so numerous that joinder of all members is impracticable." The determination of the numerosity issue is not based on numbers alone. In Graebel, the court stated:
The test is whether joinder of all members is practicable in view of the size of the class and such factors as judicial economy, the nature of the action, geographical location of class members, and the likelihood that class members would be unable to prosecute individual lawsuits.
Graebel/Houston Movers, Inc. v. Chastain, supra at 32 (citing Weatherly v. Deloitte & Touche, supra at 653). Lebron merely alleged that the class meets the numerosity requirement; the record does not demonstrate that Lebron presented any evidence or material relating to class size or *681 these other factors. While Lebron asserted that he could determine class size with appropriate discovery, the record shows that Lebron had ample time to conduct discovery after he answered the suit but failed to conduct any. The record lacks material to support a finding of numerosity.
Likewise, Lebron merely alleged that the action meets the commonality and typicality requirements. The record does not show that Lebron presented any evidence or material at the certification hearing on these issues. The record lacks material to support findings of commonality and typicality.
The adequacy of representation requirement consists of two elements: (1) it must appear that the representatives, through their attorneys, will vigorously prosecute the class claims; and (2) there must be an absence of antagonism or conflict between the representative's interests and those of the class members. Graebel/Houston Movers, Inc. v. Chastain, supra at 32 (citing Sun Coast Resources, Inc. v. Cooper, 967 S.W.2d 525, 533 (Tex.App.-Houston [1st Dist.] 1998, pet'n dism'd w.o.j.)). The determination of the adequacy of representation requirement includes a consideration of the following factors: (1) counsel's adequacy; (2) potential conflicts of interest; (3) the plaintiff's personal integrity; (4) the representative's interests and those of the class members; (5) whether the class is unmanageable; and (6) whether the plaintiff can afford to finance the class action. Graebel/Houston Movers, Inc. v. Chastain, supra (citing Sun Coast Resources, Inc. v. Cooper, supra at 538; Forsyth v. Lake LBJ Investment Corp., 903 S.W.2d 146, 151 (Tex.App.-Austin 1995, writ dism'd w.o.j.)). Lebron did not present the trial court with any evidence or material relating to these factors. He merely alleged that he could adequately represent the class. The record does not establish that Lebron, through his attorneys, could adequately represent the class or that he would vigorously prosecute the class claims. Lebron failed to conduct any discovery. Lebron did not file his class action counterclaim and move for class certification until more than 15 months after he filed his original answer and less than 30 days before the fourth trial setting in this action. Thus, he did not file his class action counterclaim until after the discovery deadline had passed. Lebron's delay in moving for class certification "surely bears strongly on the adequacy of the representation that those class members might expect to receive." See East Texas Motor Freight System Inc. v. Rodriguez, 431 U.S. 395, 404-05, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). The record lacks material to support a finding of adequacy of representation.
Lebron was required to meet four requirements under Rule 42(a). He failed to meet any of them. Thus, there are four independent grounds to support the trial court's ruling. The trial court did not abuse its discretion in denying class certification. We overrule Lebron's first issue.
In his second issue, Lebron complains that the trial court erred by not allowing him time for reasonable discovery to prove the elements of a class action. The record does not show that Lebron requested the trial court for more time to conduct discovery. Therefore, Lebron did not preserve this complaint for appellate review. TEX.R.APP.P. 33.1(a). Additionally, a trial court has broad discretion to schedule and define the scope of discovery. In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex.1999). Lebron did not conduct any discovery. Lebron filed his motion for class certification after the discovery deadline had passed. Under these circumstances, even if Lebron had moved the trial court for additional time to conduct discovery, the trial court would not *682 have abused its discretion if it denied the request. We overrule Lebron's second issue.
In his third issue, Lebron asserts that a class action pending in New Jersey against Citicorp is irrelevant to this case and will not have res judicata effect in this case. Because we have held that the trial court did not abuse its discretion in denying class certification, we do not address Lebron's third issue.
We affirm the trial court's order denying class certification.
NOTES
[*] Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.
[1] Lebron asserts that the leases are not "true leases" but, instead, constitute sales contracts. We do not address this issue because it is not before us in this appeal.
[2] We do not address Lebron's claim that the class satisfies Rule 42(b) because a consideration of the requirements of Rule 42(a) disposes of Lebron's first issue.