11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ray Lebron
d/b/a Lebron Electronics

Appellant

Vs.      
            No. 11-02-00123-CV B Appeal from Dallas County

Citicorp Vendor Finance,
Inc. f/k/a Copelco Capital, Inc.

Appellee

 

Ray Lebron
d/b/a Lebron Electronics (Lebron) moved the trial court for class
certification. The trial court denied Lebron=s motion.  In this accelerated
appeal, Lebron asserts that the trial court abused its discretion in denying
class certification.  We affirm.   

Lebron and
Citicorp Vendor Finance, Inc. f/k/a Copelco Capital, Inc. (Citicorp) entered
into two equipment lease agreements (the agreements) in 1999.  Per the agreements, Lebron leased two video
conference units and a copy machine.[1]  On October 31, 2000, Citicorp brought this
action against Lebron seeking to recover damages for Lebron=s alleged failure to make payments under the
agreements.  On November 29, 2000,
Lebron answered the suit.  In December
2001, Lebron filed a counterclaim and a supplemental counterclaim alleging DTPA
and usury claims against Citicorp. 








On
December 27, 2001, the trial court set this cause for jury trialBits fourth jury trial settingB on April 15, 2002.  Less than a month before the trial setting, on March 20, 2002,
Lebron filed  an amended counterclaim
alleging for the first time a class action. 
He stated that he was bringing the action Aon behalf of himself and all persons in Texas who have executed an
Equipment Lease Agreement with [Citicorp] and whose aggregate payments in the
leases exceed the vendor purchase price of the equipment.@ 
Lebron alleged that the agreements were unconscionable and requested the
trial court to declare the agreements null and void.  Lebron also alleged that the agreements constituted sales
contracts and required the payment of interest at usurious rates in the event
of default.  He further alleged that
Citicorp had failed to deliver goods in conformity with the agreements.  Lebron sought to recover damages for
Citicorp=s alleged DTPA violations, usury, and
fraud.  Lebron also sought to recover
attorney=s fees.   


On March
26, 2002, Lebron filed a motion for class certification.  On April 4, 2002, the trial court heard the
motion.  The trial court=s docket sheet indicated that the parties
waived a court reporter.  Therefore,
there is no reporter=s
record of the hearing in the appellate record. 
On the same day, the trial court entered its order denying Lebron=s motion. 

Lebron
presents three issues for review.  In
his first issue, Lebron complains that the trial court  erred in denying class certification.  TEX.R.CIV.P. 42 governs class
certification.  We review a trial court=s decision on the class certification issue
under an abuse of discretion standard. 
Southwestern Refining Company, Inc. v. Bernal, 22 S.W.3d 425, 439
(Tex.2000); Henry Schein, Inc. v. Stromboe, 46 Tex. Sup. Ct. J. 103, 112, 2002
WL 31426407 at *10-11 (October 31, 2002). 
In Schein, the Supreme Court explained its holding in Bernal:

In Bernal,
we expressly stated that the trial court=s decision to certify a class was to be reviewed for an abuse of
discretion, but we likewise expressly refused to indulge every presumption in
favor of the trial court=s ruling.  A trial court has
discretion to rule on class certification issues, and some of its
determinationsBlike those based on its assessment of the
credibility of witnesses, for exampleBmust be given the benefit of the doubt.  But the trial court=s exercise of discretion cannot be supported by every presumption that
can be made in its favor.  As we said in
Bernal, Aactual, not presumed, conformance with [the
rule] remains...indispensable.@  Compliance with Rule 42 must
be demonstrated; it cannot merely be presumed.@ 

Henry Schein, Inc. v.
Stromboe, supra at 112 & *11.  We do
not rely on any presumptions in holding that the trial court did not abuse its
discretion in denying class certification.  









A party
seeking class certification must meet four initial prerequisites to class
certification under Rule 42(a): (1) numerosity B Athe class is so numerous that joinder of all
members is impracticable@; (2) commonality B Athere are questions of law, or fact, common
to the class@; (3) typicality B Athe claims or defenses of the representative parties are typical of the
claims or defenses of the class@; and (4) adequacy of representation B Athe representative parties will fairly and
adequately protect the interests of the class.@  Southwestern Refining Company,
Inc. v. Bernal, supra at 433; Ford Motor Company v. Sheldon, 22 S.W.3d 444, 453
(Tex.2000).  Additionally, the party
must also satisfy at least one of the subsections of Rule 42(b).[2]  Ford Motor Company v. Sheldon, supra at
453.  

A party
seeking class certification is not required to prove a prima facie case or make
an extensive evidentiary showing to meet the requirements of Rule 42.  Graebel/Houston Movers, Inc. v. Chastain, 26
S.W.3d 24, 29 (Tex.App. - Houston [1st Dist] 2000, pet=n dism=d w.o.j.);Weatherly v. Deloitte & Touche, 905 S.W.2d 642, 647
(Tex.App. - Houston [14th Dist.] 1995, writ dism=d w.o.j.), mandamus den=d, 951 S.W.2d 394 (Tex.1997). 
However, to satisfy Rule 42, the party must do more than merely allege
that the action meets the requirements and must Aat least show some facts to support certification.@ 
Spera v. Fleming, Hovenkamp & Grayson, P.C., 4 S.W.3d 805, 810
(Tex.App. - Houston [14th Dist.] 1999, no pet=n); Weatherly v. Deloitte & Touche, supra at 647.  At the certification hearing, the parties
are not limited to presenting evidence that would be admissible at trial; they
may also rely on pleadings and other materials that would not be admissible at
trial.  Rio Grande Valley Gas Co. v.
City of Pharr, 962 S.W.2d 631, 640 (Tex.App. - Corpus Christi 1997, pet=n dism=d w.o.j.); Employers Casualty Company v. Texas Association of School
Boards Workers= Compensation Self-Insurance Fund, 886 S.W.2d
470, 474 (Tex.App. - Austin 1994, writ dism=d w.o.j.).  The party seeking
class certification satisfies its burden if it presents materials showing that
the action meets the requirements of Rule 42. 
Methodist Hospitals of Dallas v. Tall, 972 S.W.2d 894, 897 (Tex.App. -
Corpus Christi 1998, no pet=n). 

In our
review, we are limited to considering materials that were before the trial
court at the time it ruled on the certification issue.  Monsanto Company v. Davis, 25 S.W.3d 773,
781 (Tex.App. - Waco 2000, writ dism=d w.o.j.).  Because Lebron did
not provide this court with a record of the class certification hearing, the
appellate record is silent as to whether Lebron offered any testimony or
materials in support of his motion. 
Lebron=s amended counterclaim and motion for class
certification were before the trial court and are included in the appellate
record.  Therefore, we will consider the
counterclaim and the motion.             








Lebron=s class action allegations in his
counterclaim simply tracked the language of Rule 42.  For example, with respect to the numerosity issue, he alleged
that A[t]he above stated class is so numerous that
joinder of all members is impracticable.@  Lebron did not allege any
facts in support of his claim that the action satisfies the four requirements
of Rule 42(a).  As such, his class
action allegations were mere conclusions.   


In his
motion for class certification, Lebron addressed the requirements of Rule
42.  Lebron=s statements, in their entirety, with respect
to his claim that the action satisfies the requirements of Rule 42(a), were as
follows:  On numerosity, Lebron asserted
that A[t]he persons in the class are so numerous
that joinder of all members is impracticable.@  Lebron added that:

Although the exact number of class members is
unknown to Ray Lebron at this time, it is ascertainable by appropriate
discovery, and Ray Lebron is informed and believes that the class includes
several hundred members or more.  The
identity and location of class members may be identified from the records
maintained and possessed by the Defendant or its representatives.

 

On
commonality, Lebron asserted that A[t]here are common questions of law or fact affecting the class.@  He
stated that Apredominant questions include: Who executed
an Equipment Lease Agreement Form #TSG2000 (or similar predecessor) with
COPELCO CAPITAL, INC. or CITICORP VENDOR FINANCE, INC. in the State of Texas?@ 

On typicality,
Lebron asserted that A[t]he
claims of Ray Lebron are typical of the claims of the rest of the class.@ 
Lebron identified the following questions as being typical of the class:
(1) Whether the contract is conscionable on its face?; (2) Whether the contract
is a lease or a sales contract?; (3) Whether the contract is usurious?; (4)
Whether counter-defendant or any agent misrepresented the characteristics or
uses of the equipment?; (5) Whether counter-defendant or any agent
misrepresented the option purchase price?; and (6) Whether counter-defendant
breached its contract with class members and misrepresented the class member
remedies?  








On
adequacy of representation, Lebron asserted that he Awill fairly and adequately represent the
interest of the class.@  He stated that: (1) he is a member of the
proposed class; (2) he has expressed an interest in representing the class; (3)
he is willing to pay the costs of notice and litigation; (4) his lawyer, Joe B.
Abbey, has successfully managed class actions in Federal and State courts; (5)
he has no interests adverse to other members of the class; and (6) he has
suffered the same harm as the class. 

Lebron did
not provide any evidence in support of the contentions in his motion for class
certification.  He did not attach any
exhibits to the motion.

Lebron
failed to meet any of the four requirements of Rule 42(a).  To meet the numerosity requirement, Lebron
had the burden of establishing that Athe class is so numerous that joinder of all members is impracticable.@  The
determination of the numerosity issue is not based on numbers alone.  In Graebel, the court stated:  

The test is whether joinder of all members is
practicable in view of the size of the class and such factors as judicial
economy, the nature of the action, geographical location of class members, and
the likelihood that class members would be unable to prosecute individual
lawsuits.  

 

Graebel/Houston Movers,
Inc. v. Chastain, supra at 32 (citing Weatherly v. Deloitte & Touche, supra
at 653).  Lebron merely alleged that the
class meets the numerosity requirement; the record does not demonstrate that
Lebron presented any evidence or material relating to class size or these other
factors.  While Lebron asserted that he
could determine class size with appropriate discovery, the record shows that
Lebron had ample time to conduct discovery after he answered the suit but
failed to conduct any.  The record lacks
material to support a finding of numerosity.

Likewise,
Lebron merely alleged that the action meets the commonality and typicality
requirements.  The record does not show
that Lebron presented any evidence or material at the certification hearing on
these issues.  The record lacks material
to support findings of commonality and typicality.                  








The
adequacy of representation requirement consists of two elements:  (1) it must appear that the representatives,
through their attorneys, will vigorously prosecute the class claims; and (2)
there must be an absence of antagonism or conflict between the representative=s interests and those of the class
members.   Graebel/Houston Movers, Inc.
v. Chastain, supra at 32 (citing Sun Coast Resources, Inc. v. Cooper, 967
S.W.2d 525, 533 (Tex.App. - Houston [1st Dist.] 1998, pet=n dism=d w.o.j.)).  The determination
of the adequacy of representation requirement includes a consideration of the
following factors: (1) counsel=s adequacy; (2) potential conflicts of interest; (3) the plaintiff=s personal integrity; (4) the representative=s interests and those of the class members;
(5) whether the class is unmanageable; and (6) whether the plaintiff can afford
to finance the class action. Graebel/Houston Movers, Inc. v. Chastain, supra
(citing Sun Coast Resources, Inc. v. Cooper, supra at 538; Forsyth v. Lake LBJ
Investment Corp., 903 S.W.2d 146, 151 (Tex.App. - Austin 1995, writ dism=d w.o.j.)). 
Lebron did not present the trial court with any evidence or material
relating to these factors.  He merely
alleged that he could adequately represent the class.  The record does not establish that Lebron, through his attorneys,
could adequately represent the class or that he would vigorously prosecute the
class claims.  Lebron failed to conduct
any discovery.  Lebron did not file his
class action counterclaim and move for class certification until more than 15
months after he filed his original answer and less than 30 days before the
fourth trial setting in this action. 
Thus, he did not file his class action counterclaim until after the
discovery deadline had passed.  Lebron=s delay in moving for class certification Asurely bears strongly on the adequacy of the
representation that those class members might expect to receive.@  See
East Texas Motor Freight System Inc. v. Rodriguez, 431 U.S. 395, 404-05
(1977).  The record lacks material to
support a finding of adequacy of representation.

Lebron was
required to meet four requirements under Rule 42(a).  He failed to meet any of them. 
Thus, there are four independent grounds to support the trial court=s ruling. 
The trial court did not abuse its discretion in denying class
certification.  We overrule Lebron=s first issue.

In his
second issue, Lebron complains that the trial court erred by not allowing him
time for reasonable discovery to prove the elements of a class action.  The record does not show that Lebron
requested the trial court for more time to conduct discovery.  Therefore, Lebron did not preserve this
complaint for appellate review. 
TEX.R.APP.P. 33.1(a). 
Additionally, a trial court has broad discretion to schedule and define
the scope of discovery.  In re Alford
Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex.1999). 
Lebron did not conduct any discovery. 
Lebron filed his motion for class certification after the discovery
deadline had passed.  Under these
circumstances, even if Lebron had moved the trial court for additional time to
conduct discovery, the trial court would not have abused its discretion if it
denied the request.  We overrule Lebron=s second issue.








In his
third issue, Lebron asserts that a class action pending in New Jersey against
Citicorp is irrelevant to this case and will not have res judicata effect in
this case.  Because we have held that
the trial court did not abuse its discretion in denying class certification, we
do not address Lebron=s
third issue.

We affirm
the trial court=s order denying class certification.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

January 30, 2003

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[3]











     [1]Lebron asserts that the leases are not Atrue leases@  but, instead, constitute sales
contracts.  We do not address this issue
because it is not before us in this appeal. 






     [2]We do not address Lebron=s
claim that the class satisfies Rule 42(b) because a consideration of the
requirements of Rule 42(a) disposes of Lebron=s
first issue.  





     [3]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.