

# NUMBER 13-08-00736-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HICA EDUCATION LOAN CORPORATION,
SALLIE MAE, INC., AND FLOW LAW FIRM PLLC,          Appellants,

v.

JOHN M. SULLIVAN,                                                    Appellee.

## On appeal from the 214th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellants HICA Education Loan Corporation (HICA), Sallie Mae, Inc. (Sallie Mae),

and Flow Law Firm PLLC (Flow) challenge the trial court's order granting class certification

in favor of appellee John M. Sullivan. By thirteen issues, appellants complain that the trial

court: (1) failed to perform a rigorous analysis before ruling on certification; (2) abused its discretion in certifying the class because Sullivan failed to meet his burden of proving the necessary prerequisites to certification; (3) erred in issuing an order granting certification that did not include a proper trial plan; and (4) lacked jurisdiction over Sallie Mae and Flow. We reverse and remand.

## BACKGROUND

HICA owns the promissory notes for Sullivan's student loans; the record reveals that Sullivan's loans were part of a portfolio of loans sold to HICA by Sallie Mae. Sallie Mae, however, remains the servicing agent for HICA's loans.[1] Flow is a Texas law firm that assists HICA and Sallie Mae in collecting their delinquent loans.

In early 2007, HICA sued Sullivan for default. Sullivan then filed counterclaims against Sallie Mae and Flow alleging class action claims for, among others, unlawful debt collection practices and usury.[2] In March 2008, Sullivan filed a motion for class certification, asking the trial court to certify two classes: (1) the "Sallie Mae Class," or persons who were sent certain form letters by Sallie Mae attempting to collect HICA loans; and (2) the "Flow Law Firm Class," or persons who were sued by or sent certain collection letters by Flow attempting to collect HICA loans. The trial court held a hearing on the motion and issued an order certifying both requested classes. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3) (Vernon 2008).

---

[1] A servicing agent administers the collection of the loans on the note holder's behalf. In other words, Sallie Mae acts as HICA's collection agent.

[2] Sullivan also filed a counterclaim against HICA, which was eventually non-suited. Our review of the record does not reveal any reinstatement of Sullivan's counterclaim against HICA.

STANDARD OF REVIEW and APPLICABLE LAW

Although we review a trial court's decision to certify a class for abuse of discretion, we do not indulge every presumption in favor of the trial court's decision. *Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 205-06 (Tex. 2007). Rather, "actual conformance with rule 42 is indispensable." *Id.* at 206. Compliance may not be presumed—it must be apparent from the record and the trial court's order. *Tex. S. Rentals, Inc. v. Gomez*, 267 S.W.3d 228, 232 (Tex. App.–Corpus Christi 2008, no pet.). A trial court abuses its discretion when ruling on class certification if it does not properly apply the law to the undisputed facts, acts arbitrarily or unreasonably, or rules upon factual assertions not supported by the record. *Methodist Hosp. of Dallas v. Tall*, 972 S.W.2d 894, 898 (Tex. App.–Corpus Christi 1998, no pet.).

To comply with rule 42, the party seeking class certification must meet four initial prerequisites: (1) numerosity—"the class is so numerous that joinder of all members is impracticable"; (2) commonality—"there are questions of law or fact common to the class"; (3) typicality—"the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) adequate representation—"the representative parties will fairly and adequately protect the interests of the class." TEX. R. CIV. P. 42(a). The numerosity requirement, in particular, "is not based on numbers alone." *Tall*, 972 S.W.2d at 898. Instead, we look to whether joinder of all class members is practicable in light of the size of the class and factors such as judicial economy, the nature of the action, geographical location of class members, and the likelihood that class members would be able to prosecute individual lawsuits. *Id.*

3

The plaintiff bears the burden to establish the right to proceed as a class. *Id.* at 897. We acknowledge that the party seeking certification need not "prove a prima facie case or make an extensive evidentiary showing to meet the requirements" of rule 42. *Lebron v. Citicorp Vendor Fin., Inc.*, 99 S.W.3d 676, 679 (Tex. App.–Eastland 2003, no pet.). The party may "rely on pleadings and other materials that would not be admissible at trial." *Id.* However, the supreme court nonetheless requires the trial court to go beyond the mere pleadings to "make a meaningful determination of the certification issues." *Sw. Ref. Co., Inc. v. Bernal*, 22 S.W.3d 425, 435 (Tex. 2000) (citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996)).

## DISCUSSION

By their third issue,[3] appellants argue that Sullivan failed to meet his burden to prove that the class is so numerous that joinder of all members is impractical. We agree.

The record offers scant material in support of the numerosity requirement. First, Sullivan's pleadings contain the general statement that the proposed class "meets all the requirements of Texas Rule of Civil Procedure 42" and allege that, "based on [Sallie Mae and Flow's] use of form letters[,] that the class is so numerous that joinder of all members is impractical." However, this Court has held that certification decisions should be based on more information than that the mere allegations in the pleadings. *See Tall*, 972 S.W.2d at 899; *see also Bernal*, 99 S.W.3d at 435 (requiring the trial court to look beyond the pleadings in order to make a substantive determination on certification); *Lebron*, 99 S.W.3d at 680-81 (holding that mere allegations that the class met the numerosity requirement were insufficient to support certification).

---

[3] We address appellants' third issue first because it is dispositive of the appeal. *See* TEX. R. APP. P. 47.1.

4

Next, the exhibits Sullivan provided to the trial court at the class certification hearing included written discovery propounded on HICA by Sullivan regarding information potentially relevant to numerosity. For example, Sullivan asked HICA to admit that certain numbers of persons had been sued on notes similar to Sullivan's, but HICA denied the request. Sullivan also sent HICA various interrogatories and requests for production asking for lists of persons who had similar loans, but HICA objected to those questions. The record is void of any attempts by Sullivan to compel HICA's responses or otherwise pursue his discovery. *See Lebron*, 99 S.W.3d at 681 (refusing to certify class where plaintiff had ample time for discovery but was not diligent in pursuing it).

Finally, counsel for Sullivan testified at the class certification hearing regarding numerosity as follows:

> In this case, I really don't know, because I haven't gotten any discovery answers, so I don't know how many persons are in the class. It could—I do know this, because of an answer, an evasive answer to one of my requests for admissions if it's deemed admitted, there are more than 100 . . . be that as it may, we believe that numerosity is—is present because of the numbers.

Counsel for HICA denied any admission that there were more than 100 people that fell within the requested class. Although representations made by counsel at a certification hearing may be considered "materials" for purposes of a class certification decision, *see Tall*, 972 S.W.2d at 899, we decline to credit the vague speculations and unsubstantiated complaints of counsel in light of the almost complete absence of any other evidence of numerosity. *See id.* (reversing certification order where the plaintiff's bare allegations that the class contains "thousands of members" and that the defendant engaged in wrongful conduct were not matters of common knowledge and thus not otherwise supported by any material in the record).

5

We conclude that the record does not support the factual assertions made by Sullivan regarding numerosity. *See Tall*, 972 S.W.2d at 898. There is virtually no material in the record—of numbers, threats to judicial economy, geographic limitations, or the like—to substantiate Sullivan's assertions of numerosity. *See id.* Therefore, compliance with rule 42 was not demonstrated, and the trial court abused its discretion in certifying the class. *See Gomez*, 267 S.W.3d at 232. Appellants' third issue is sustained.[4]

## CONCLUSION

The order of the trial court granting class certification is reversed. We remand the case to the trial court for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 8th day of October, 2009.

---

[4] Having decided that Sullivan failed to establish one of the four essential prerequisites to class certification, *see* Tex. R. Civ. P. 42(a), we need not reach Sullivan's remaining issues because our determination on Sullivan's third issue disposes of the appeal. *See* Tex. R. App. P. 47.1.

6