

# NUMBER 13-11-00384-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JAIME JERRY MUÑOZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

Relator, Jaime Jerry Muñoz, filed a petition for writ of mandamus and a "Motion for Emergency Relief to Stay Underlying Trial Court Proceeding" in the above cause on June 20, 2011. Relator seeks mandamus relief to compel the trial court to vacate its order denying a motion to transfer venue under the family code. By order issued that same day, the Court ordered the motion for emergency relief to be carried with the case and requested that the real party in interest, Victor Quintanilla, file a response to the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

On June 28, 2011, Quintanilla filed an unopposed motion for extension of time to file his response, which we granted. On July 7, 2011, Quintanilla filed his response to the petition for writ of mandamus and also filed a response to relator's motion for emergency relief.

On July 15, 2011, relator filed a "Reply Brief and Request to Strike." On July 25, 2011, the real party in interest filed an "Unopposed Motion for Extension of Time to File his Sur-Reply and Response to Relator's Reply Brief and Request to Strike." We herein GRANT this motion. On July 29, 2011, the real party in interest filed his "Sur-Reply and Response to Request to Strike."

We GRANT in part and DENY in part relator's "Reply Brief and Request to Strike." Specifically, we GRANT relator's request to strike those materials in the real party's appendix which were not presented to the trial court. *See Sabine OffShore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (original proceeding) (holding that in an original proceeding the appellate court may not consider evidence that was not part of the record before the trial court except to decide its own jurisdiction); *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) ("We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding."); *Methodist Hosps. v. Tall*, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.) ("It is axiomatic that an appellate court reviews actions of a trial court based on the materials before the trial court at the time it acted."). All other relief sought in the "Reply Brief and Request to Strike" is DENIED.

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, and the related briefing provided by the parties, is of the opinion that relator has not shown himself entitled to the relief sought based on mandatory venue under the specific statutes at issue herein. *Compare* TEX. FAM. CODE ANN. §§ 155.201, 155.204 (West 2008) (concerning mandatory transfers of venue), *with id.* §§ 155.001, 155.002, 155.003 (West 2008) (concerning courts of continuing and exclusive jurisdiction). Accordingly, the "Motion for Emergency Relief to Stay Underlying Trial Court Proceeding," which was previously carried with the case, is DENIED. The petition for writ of mandamus is DENIED. This denial shall operate without prejudice to any jurisdictional issues which may be raised by any party in the trial court or, subsequently, with this Court. *See* TEX. R. APP. P. 52.8.

PER CURIAM

Delivered and filed the
15th day of August, 2011.

3