NUMBER 13-11-00384-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE JAIME JERRY MUÑOZ

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Garza

Memorandum
Opinion Per Curiam[1]

Relator, Jaime Jerry Muñoz, filed a
petition for writ of mandamus and a “Motion for Emergency Relief to Stay
Underlying Trial Court Proceeding” in the above cause on June 20, 2011.  Relator
seeks mandamus relief to compel the trial court to vacate its order denying a
motion to transfer venue under the family code.  By order issued that same day,
the Court ordered the motion for emergency relief to be carried with the case
and requested that the real party in interest, Victor Quintanilla, file a
response to the petition for writ of mandamus.

On June 28, 2011, Quintanilla filed
an unopposed motion for extension of time to file his response, which we granted. 
On July 7, 2011, Quintanilla filed his response to the petition for writ of
mandamus and also filed a response to relator’s motion for emergency relief.  

On July 15, 2011, relator filed a
“Reply Brief and Request to Strike.”  On July 25, 2011, the real party in
interest filed an “Unopposed Motion for Extension of Time to File his Sur-Reply
and Response to Relator’s Reply Brief and Request to Strike.”  We herein GRANT
this motion.  On July 29, 2011, the real party in interest filed his “Sur-Reply
and Response to Request to Strike.”

We GRANT in part and DENY in part
relator’s “Reply Brief and Request to Strike.”  Specifically, we GRANT
relator’s request to strike those materials in the real party’s appendix which
were not presented to the trial court.  See Sabine OffShore Serv., Inc. v.
City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979) (original proceeding) (holding
that in an original proceeding the appellate court may not consider evidence
that was not part of the record before the trial court except to decide its own
jurisdiction); In re Taylor, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st
Dist.] 2003, orig. proceeding) (“We will not consider exhibits that were not
part of the trial court record at the time of the hearing on the motion that is
the subject of this original proceeding.”); Methodist Hosps. v. Tall, 972
S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.) ("It is axiomatic
that an appellate court reviews actions of a trial court based on the materials
before the trial court at the time it acted.").  All other relief sought
in the “Reply Brief and Request to Strike” is DENIED.

The Court, having examined and
fully considered the petition for writ of mandamus and the response thereto, and
the related briefing provided by the parties, is of the opinion that relator has
not shown himself entitled to the relief sought based on mandatory venue under
the specific statutes at issue herein.  Compare Tex. Fam. Code Ann. §§ 155.201, 155.204 (West 2008)
(concerning mandatory transfers of venue), with id. §§ 155.001, 155.002,
155.003 (West 2008) (concerning courts of continuing and exclusive
jurisdiction).  Accordingly, the “Motion for Emergency Relief to Stay
Underlying Trial Court Proceeding,” which was previously carried with the case,
is DENIED.  The petition for writ of mandamus is DENIED.  This denial shall
operate without prejudice to any jurisdictional issues which may be raised by
any party in the trial court or, subsequently, with this Court.  See Tex. R. App. P. 52.8.  

 

                                                                                                            PER
CURIAM

Delivered and filed the

15th day of August, 2011.

                                                

                                                                                                

 









[1] See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).