NO. 07-02-0107-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 10, 2002

_____

GLENDA FORD, AS NEXT FRIEND OF CEDRICK LENARD WILLIAMS, APPELLANT

V.

CITY OF LUBBOCK, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-560,025; HONORABLE SAM MEDINA, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Glenda Ford, as next friend of Cedrick Lenard Williams, appeals from a take-nothing judgment in favor of appellee, City of Lubbock, in her action seeking damages as a result of the drowning death of her son in a swimming pool owned and operated by appellee. The order of dismissal was entered as a result of a plea to the jurisdiction filed by appellee.

We now have before us appellee's motion to dismiss the appeal for the reason that the notice of appeal was not timely filed. The order was signed on November 30, 2001. On December 19, 2001, appellant filed a request for findings of fact and conclusions of law. On January 18, 2002, she filed a notice of past due findings of fact and conclusions of law. However, the trial court apparently never entered any such findings and conclusions. Notice of appeal was filed on February 27, 2002.

Rule 26.1 of the Rules of Appellate Procedure provides in relevant part:

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

* * *

(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court; . . . .

Tex. R. App. P. 26.1(a). It is appellee's contention that findings of fact and conclusions of law are not required in this case and could not properly be considered by this court, thereby failing to extend the deadline for filing the notice of appeal. The basis for this contention is that the plea to the jurisdiction was granted as a matter of law without an evidentiary hearing where witnesses testified.

2

Appellant responds that the trial court may consider evidence in ruling on a plea to the jurisdiction and, because the trial court considered affidavits and deposition testimony attached to the plea and her response, there was, in effect, an evidentiary hearing. Thus, since the judgment was based in part on evidence, findings of fact and conclusions of law could properly be considered by the appellate court.

In support of its motion to dismiss, appellee cites *IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.,* 938 S.W.2d 440 (Tex. 1997). That case was based on an interpretation of the prior version of Rule 26.1 (Rule of Appellate Procedure 41(a)(1)) which provided that a timely filed request for findings of fact and conclusions of law extends the deadline for perfecting an appeal from 30 to 90 days after the judgment is signed in a case tried without a jury. The court held that a request for findings of fact and conclusions of law does not extend the appellate deadline when findings and conclusions have no purpose and should not be requested, made, or considered on appeal. *Id.* at 443. Examples given by that court were summary judgment, judgment after directed verdict, judgment non obstante veredicto, default judgment awarding liquidated damages, dismissal for want of prosecution without an evidentiary hearing, dismissal for want of jurisdiction without an evidentiary hearing, dismissal based on pleadings or special exceptions and any judgment rendered without an evidentiary hearing. *Id.*

Appellant argues that it is appropriate for the court to hold an evidentiary hearing on a plea to the jurisdiction, and we agree that it has been recognized that there may be

3

instances in which the consideration of factual evidence is appropriate. *See Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). It has also been held that the consideration of stipulated evidence can constitute a "trial." *See Davis v. State*, 904 S.W.2d 946, 949 (Tex.App.--Austin 1995, no writ).

In this instance, the plea to jurisdiction was based on the fact that sovereign immunity has been waived under the Texas Tort Claims Act only when negligent conduct involves a condition or use of tangible personal or real property if the government unit would, if it were a private person, be liable to the claimant under the law. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997). In its first plea to the jurisdiction, appellee claimed there were no allegations in the pleadings as to condition or use of property. Appellee attached to its plea portions of appellant's deposition stating no equipment was used, and the affidavit of Weldon Maples, who enumerated the type of safety equipment kept at city pools. Appellant then filed a second amended petition asserting that the telephone at the pool was misused by a lifeguard, who was ordering pizza while the victim was drowning, misuse of the entry area, and improper location of the pool phone and cash register outside the viewing area of the pool. Appellee filed a supplemental plea to the jurisdiction based on the new allegations. No evidence was attached to that plea.

Appellant responded to the plea by attaching several affidavits and a recorded statement. We will recite the gist of those affidavits and the statement as they relate directly or indirectly to the use of property. Appellant stated there was no lifeguard in the

4

pool area as one of the lifeguards was ordering pizza while her son was drowning, the manager was at the cash register, and another lifeguard had left to pick up the pizza. Dyrel Owens stated none of the lifeguards was in the pool area while the victim was drowning, one of the lifeguards was ordering pizza, and the manager stayed up front talking to a girl. Tabrodrick Craddock stated that one of the lifeguards was ordering pizza while the victim was drowning. Shawn Jackson stated he gave one of the lifeguards permission to get a pizza. After the filing of this response, appellant filed a third amended petition in which she alleged a failure to supervise the property.

A hearing was held by the trial court, but no evidence was received at the hearing. In making its finding, the court stated:

> . . . The fact that he's on the phone, that's what a phone is for. The fact that he doesn't respond, there is the problem. The fact that he doesn't do it timely and the fact that he doesn't fulfill his responsibility as a lifeguard, that's the problem.
>
> He is a lifeguard. And therein lies the nexus: He did not react, he did not respond, he did not go do his job. That's the problem.
>
> I don't think it's misusing equipment, it's not responding. That's different. That's the difference to me.
>
> Furthermore, I do think that the state of the law in terms of misuse of property in this particular case, when it comes to supervising or lack of supervising, if there was no immunity at all, certainly you would have a phenomenal case.
>
> The Legislature saw fit to grant municipalities. They saw fit to grant them immunity in order for municipalities to continue to provide swimming pools and other things for the community; otherwise, they would go broke and you would never have them.

The Legislature decided okay we're going to grant them immunity unless they misuse property. I don't see it in this case. I do think that their Plea to the Jurisdiction in all of its aspects is proper. . . .

Neither party appears to contend that findings of fact and conclusions of law were required in this instance. We must, therefore, determine whether they could be properly considered in the appeal of this matter.

Appellee did not contest the factual statements made by the persons supporting appellant's response to the plea.[1] Instead, appellee argued that those facts constituted at best non-use of property, which is not misuse. Appellee further asserted that what appellant was really complaining of was a failure to supervise, convey information, or properly locate the telephone and cash register. At the hearing, the trial court apparently accepted as true the fact statements relayed by appellant. Thus, there was no disputed fact issue for resolution by the court. The trial court could have merely reviewed the pleadings of the parties without the sworn statements and arrived at the same determination as a matter of law as to whether there was misuse of property.

For reasons we have stated, we do not believe that findings of fact and conclusions of law serve a purpose in this matter or that the request for them extended the appellate deadline. Therefore, the notice of appeal should have been filed within 30 days of the

---

[1]Neither did appellant contest the factual statements in the deposition testimony and affidavit proffered by appellee, although appellant amended her petition to address the alleged deficiencies claimed by appellee.

6

signing of the order.  As it was not, we have no jurisdiction to consider this appeal, and it

is dismissed for want of jurisdiction.


                                                 John T. Boyd
                                               Chief Justice

Publish.