Motion for Rehearing Overruled and Opinion of June 19, 2003 Withdrawn;
Affirmed and Substituted Opinion filed July 24, 2003














Motion for
Rehearing Overruled and Opinion of June 19, 2003 Withdrawn; Affirmed and
Substituted Opinion filed July 24, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00344-CV

____________

 

ZERRIE L. HINES, Appellant

 

V.

 

COMMISSION FOR LAWYER DISCIPLINE, Appellee

 

___________________________________________________________

 

On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 01-20963

 

___________________________________________________________

 

S U B S T I
T U T E D   O P I N I O N

            Appellant’s
motion for rehearing is overruled.  We
withdraw our opinion of June 19,
 2003, and issue this substituted opinion.  

            In
two points of error, appellant, Zerrie L. Hines,
contends the trial court erred in denying his plea to the jurisdiction because:
(1) the Commission for Lawyer Discipline does not have standing to pursue a
complaint from a non-client who is a third party to the attorney-client
relationship; and (2) the trial court does not have the authority to render a
final 

 class=Section2>

judgment if it lacks subject matter jurisdiction over
the controversy.  We affirm and publish
this opinion pursuant to Texas Rule of Disciplinary Procedure 6.06.  See Tex. R. Disciplinary P. 6.06, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. A-1 (Vernon 1998).

Factual Background

            In
December of 1998, Hans Keith Broderson, Jr. was
convicted of reckless injury to a child.  Broderson v. State,
No. 14-99-00413-CR, 2001 WL 619559, *1 (Tex. App.—Houston [14th
Dist.] Jun 07, 2001, no pet.)
(not designated for publication).  Hines
was hired to represent Broderson during the appellate
process.  This disciplinary action
against Hines ensued from that representation.

            On August 1, 2000, Broderson’s father completed a State Bar of Texas Grievance
Form alleging that Hines had never paid the court reporter for copies of
transcripts despite having been given the funds to do so by Broderson’s
father.  Both Broderson
and his father signed the complaint.  On August 7, 2000, the State
Bar sent a notice letter to Hines advising him of the complaint and requesting
that he respond.  Hines did not do so
before the requisite deadline.

            The
Commission then instituted a disciplinary action against Hines.  In its “Original Disciplinary Petition,” the
Commission averred:

On or about February 11, 1999, HANS KEITH BRODERSON, SR. (hereinafter referred to
as “Complainant”) hired Respondent [Hines] to appeal the criminal conviction of
Complainant’s son.  Complainant paid
Respondent a total amount of Ten Thousand Seven Hundred and No/100 Dollars
($10,700.00), which included the court reporter’s fee for the transcript.  On or about November
 19, 1999, and May 8, 2000, Respondent received notice
from the court of appeals to pay the court reporter’s fee for the transcript;
however, Respondent failed to forward said payment.

During the course of the
representation, Complainant repeatedly made requests for information about the
status of the case; however, Respondent failed to respond.

 

 

            The
petition alleged violations of four provisions of the Texas Disciplinary Rules
of Professional Conduct, including Rule 1.01(b)(1) (prohibiting lawyers from
“neglect[ing] a legal matter entrusted to the
lawyer”), 1.03(a) (requiring that a “lawyer shall keep a client reasonably
informed about the status of a matter and promptly comply with reasonable
requests for information”), 8.01(b) (prohibiting a lawyer’s knowing failure “to
respond to a lawful demand for information” from a disciplinary authority), and
8.04(a)(1) (prohibiting violations of the Texas Disciplinary Rules of
Professional Conduct).

            In
response to the petition, Hines filed an answer, generally denying the
Commission’s allegations.  Prior to the
trial on the merits, Hines filed a plea to the jurisdiction alleging that the
trial court lacked subject matter jurisdiction to adjudicate the controversy
because the Commission lacked standing to bring an action on behalf of a
non-client.  The trial court denied
Hines’ plea.[1]  Following the presentation of evidence at the
bench trial, both parties entered into an Agreed Judgment of Partially Probated
Suspension, which provided for a two year suspension, restitution, and drug
testing.

            Hines
now challenges the denial of the plea to the jurisdiction.

Standard of Review

            A
party cannot appeal from a judgment to which it has consented or agreed absent
an allegation and proof of fraud, collusion, or misrepresentation.  See Baw v. Baw, 949 S.W.2d 764,
766 (Tex. App.—Dallas 1997, no writ). 
Consequently, a party’s consent to a trial 

 class=Section3>

court’s entry of judgment waives any error in the
judgment, except jurisdictional error.  See Chang v. Linh
Nguyen, 81 S.W.3d 314, 316 n.1 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).  Here, Hines
alleges jurisdictional error.  Thus, the
only issue before this court is whether the trial court had jurisdiction to
hear the matter.  See Texas Bd. of Pardons & Paroles v. Feinblatt,
82 S.W.3d 513, 520–21 (Tex. App.—Austin 2002, pet. denied).  

            A
plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have
merit.  Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  The purpose of a dilatory plea is
not to force the plaintiff to preview his case on the merits, but to establish
a reason why the merits of his claims should never be reached.  Id.  Appellate courts review a trial court’s
ruling on a plea to the jurisdiction under a de novo standard of review. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998).  Throughout this inquiry, we are
mindful that subject matter jurisdiction is never presumed and cannot be
waived.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–44 (Tex.
1993).  The Texas Supreme Court recently
observed: 

In deciding a plea to the
jurisdiction, a court may not weigh the claims’ merits but must consider only
the plaintiffs’ pleadings and the evidence pertinent to the jurisdictional
inquiry. When we consider a trial court’s order on a plea to the jurisdiction,
we construe the pleadings in the plaintiff’s favor and look to the pleader's
intent. When a plaintiff fails to plead facts that establish jurisdiction, but
the petition does not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency and the plaintiff should
be afforded the opportunity to amend. On the other hand, if the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the
jurisdiction may be granted without allowing the plaintiff an opportunity to
amend.

 

County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002)
(citations omitted).  

 








Analysis

            In
his first point of error, Hines argues that the Commission lacked standing to
prosecute this disciplinary cause of action because Broderson’s
father was never a client.[2]  In so doing, Hines points to various cases
and disciplinary rules which discuss the relationship and obligations of
attorneys to non-clients.  See Tex.
Disciplinary R. Prof’l Conduct 5.04(c) (“A
lawyer shall not permit a person who recommends, employs, or pays the lawyer to
render legal services for another to direct or regulate the lawyer’s
professional judgment in rendering such legal services.”); Barcelo v. Elliott, 923 S.W.2d 575, 579 (Tex. 1996) (holding that “an
attorney retained by a testator or settlor to draft a
will or trust owes no professional duty of care to persons named as
beneficiaries under the will or trust”). 
However, we begin by noting that the plaintiff in a disciplinary
proceeding is not a client, but rather the Commission for Lawyer Discipline, an
arm of the State Bar of Texas.  See Flume v. State Bar of Texas, 974
S.W.2d 55, 58–59 (Tex. App.—San Antonio 1998, no pet.) (noting that attorney
disciplinary suit was properly brought in name of State Bar of Texas); see also Richards v. Comm’n
for Lawyer Discipline, 35 S.W.3d 243, 247 (Tex. App.—Houston [14th
Dist.] 2002, no pet.) (indicating that complainant was a witness in a
disciplinary proceeding, not a party). 
According to section 2.09 of the Texas Rules of Disciplinary Procedure
(entitled “Classification of Inquiries and Complaints”), “[e]very written
statement, from whatever source,
apparently intended to allege Professional Misconduct by a lawyer, shall be
promptly forwarded to the Office of the Chief Disciplinary Counsel.”  Tex. R. Disciplinary P. 2.09 (emphasis
added).  The Rules of Professional
Conduct also provide that a lawyer having knowledge of another lawyer’s
violation of the rules must inform the appropriate disciplinary authority of
the violation.  Tex. Disciplinary R. Prof’l Conduct 8.03(a).  Thus, contrary to Hines’ contention, these
provisions reflect that non-clients may pursue complaints against lawyers who
violate the rules of professional conduct. 
Indeed, a complaint may even be brought solely in the name of the State
Bar.  See
Tex. R. Disciplinary P. 2.09
(stating that under certain circumstances an individual or entity initiating a
complaint may request that the complaint be made in the name of the State Bar
and the identity of the individual or entity remain confidential).  The mere fact that Broderson’s
father was not a client does not preclude him from filing a complaint nor does
it deprive the trial court of jurisdiction to hear proceedings instituted by
the Commission.  Id. 

            Nevertheless,
Hines contends that the petition does not allege violations of duties to the
client, but rather alleged obligations to the client’s father.  Thus, Hines argues that the basis of the
complaint is not the dissatisfaction of a client but rather that of the
client’s father, and thus, the dissatisfaction of a non-client cannot form the
basis of a grievance complaint.  Hines
also notes that there are no allegations in the pleadings that Broderson ever directed his father to exercise any control
in the pursuit of his criminal appeal or consented to his father entering into
the attorney-client relationship as a third party.  

            A
lawyer’s violation of the Rules of Professional Conduct does not create any
presumption that a legal duty to a client has been breached.  Tex.
Disciplinary R. Prof’l Conduct Preamble ¶ 15
(1989).  The rules merely set forth
“minimum standards of conduct below which no lawyer can fall without being
subject to disciplinary action.”  Id. ¶ 7.  Thus, a disciplinary proceeding is not
premised upon the dissatisfaction of a client, but upon the attorney’s
misconduct, as defined by the rules.  Any
violation of the Rules of Professional Conduct may result in a disciplinary
proceeding, not just those rules regarding an attorney’s obligation to his
clients.  See id. ¶ 7.  Moreover, as
previously established, a non-client’s grievance complaint may form the basis
of a disciplinary proceeding.  

            The
Rules of Disciplinary Procedure set forth the requirements of a disciplinary
petition.  See Tex. R. Disciplinary P.
3.01.  A disciplinary petition must,
among other requirements, describe the acts giving rise to the alleged
misconduct such that a respondent is sufficiently given “fair notice” of the
claims made.  Id.  The petition must also list the specific
rules violated.  Id.  There is no requirement that the petition set
forth only those violations which may be asserted by, or involving, a
client.  As noted, any violation of the
rules may serve as a basis for a disciplinary proceeding.  Thus, the fact that the petition does not
allege violations of duties to clients does not serve to defeat the court’s
jurisdiction to hear the case. 

            We
also note, Hines did not file any special exceptions to force a clarification
by the Commission concerning its petition. 
See Fort Bend County v. Wilson,
825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ); see also Horizon/CMS Healthcare Corp. v.
Auld, 34 S.W.3d 887, 897 (Tex. 2000) (noting that when a party fails to
specially except courts should construe the pleadings liberally in favor of the
pleader).  Only after special exceptions
have been sustained and a party has been given an opportunity to amend its
pleadings may a case be dismissed for failure to state a cause of action.  See
Centennial Ins. Co. v. Commercial Union Ins. Cos., 803 S.W.2d 479, 483
(Tex. App.—Houston [14th Dist.] 1991, no writ). 
Therefore, at most, the Commission’s pleadings may have suffered from a
deficiency in pleading which could have been clarified by the filing of special
exceptions.  As this is a case involving
an agreed judgment, the decree cures every pleading defect and all other errors
not going to jurisdiction.  See Travelers Ins. Co. v. Williams, 603
S.W.2d 258, 262 (Tex. Civ. App.—Corpus Christi 1980,
no pet.).  Accordingly, we overrule
Hines’s first point of error.

            In
his second point of error, Hines contends that any judgment rendered by a trial
court without jurisdiction is void. 
Because we find that the trial court did have jurisdiction to entertain
the Commission’s claims, we overrule Hines’ second issue.

Conclusion

            For
the foregoing reasons, we affirm the judgment of the trial court.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Substituted Opinion filed July 24, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 

 











            [1]  In his Motion for Rehearing, Hines argues
that at the “plea to the jurisdiction hearing,” the Commission failed to
present any evidence and therefore, we are limited in our review to that
evidence presented by Hines.  However,
the record does not reflect that a hearing was ever held on his plea.  Instead, prior to the bench trial, the court
denied the plea, deciding the issue as a matter of law.  See
Ford ex rel. Williams v. City of Lubbock, 76 S.W.3d
795, 798 (Tex.
App.—Amarillo 2002, no pet.) (noting that plea to the jurisdiction was properly
decided as a matter of law because no disputed fact issues existed concerning
jurisdiction).  Where no evidence is
presented to the trial court, we look to the pleadings to determine the
jurisdictional question.  Tarkington Indep. Sch. Dist. v. Aiken, 67 S.W.3d 319, 326 (Tex. App.—Beaumont
2002, no pet.).  Had Hines raised the
standing issue for the first time on appeal, if necessary we would review the
entire record to determine if any evidence supports standing.  Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  





            [2]  Hines does not specifically address how the
Commission lacked standing to pursue discipline against him for knowingly
failing to respond to a lawful demand for information from a disciplinary
authority, an infraction which itself would violate the prohibition on
violations of the Texas Disciplinary Rules of Professional Conduct.