

NUMBER 13-11-00194-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**K2M3, LLC AND COCOON DATA, LLC,**                                   **Appellants,**

**v.**

**COCOON DATA HOLDING PTY. LTD.
ACN 127 993 300 AND COCOON DATA
PTY LTD ACN 127 993 284,**                                             **Appellees.**

---

**On appeal from the 152nd District Court
of Harris County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Benavides
Memorandum Opinion by Justice Garza**

This is an appeal from the trial court's dismissal of a lawsuit filed by appellants, K2M3, LLC ("K2M3") and Cocoon Data, LLC ("Cocoon US"), on grounds of forum non conveniens.  By three issues, appellants contend that the trial court erred in:  (1) failing

to issue findings of fact and conclusions of law; (2) dismissing the suit because there was no evidence that an adequate alternative forum existed; and (3) dismissing the suit because there is insufficient evidence that balancing the parties' interests favors dismissal. We affirm.

## I. BACKGROUND[1]

Appellees, Cocoon Data Holdings Pty. Ltd. ACN 127 993 300 and Cocoon Data Pty. Ltd. ACN 127 993 284 (collectively, "Cocoon Australia") are Australian corporations with principal offices in Australia. K2M3 and Cocoon US are both Colorado limited liability companies. On August 5, 2009, K2M3 and Cocoon Australia entered into a Joint Development Agreement ("the Agreement") for the purpose of exploiting and selling, in North America, proprietary software encryption technology owned by Cocoon Australia. To facilitate the parties' business relationship, the Agreement established Military Resources Limited ("MR"), a new British Virgin Islands corporation, owned equally by K2M3 and Cocoon Australia. Under the Agreement, Cocoon Australia agreed to fund MR and granted it the exclusive license to sell the encryption technology in North America. K2M3 agreed to market the technology through MR and guaranteed specified sales revenues.

By February 2010, various disputes had developed between the parties. For example, Cocoon Australia claimed that K2M3 failed to provide an accounting for the funds paid by Cocoon Australia. It also claimed that, without authority or Cocoon Australia's consent, Mathew Tinley, K2M3's manager, had unilaterally "substituted" a new company—Cocoon US—for MR in the Agreement. K2M3 claimed that Cocoon

---

[1] This case is before this Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

Australia failed to make required payments under the Agreement.

On May 17, 2010, Cocoon Australia sued K2M3 for breach of the Agreement in Australia. On September 21, 2010, K2M3 made a general appearance before the Australian court. On November 10, 2010, K2M3 filed a "defence," in which it asserted affirmative defenses and a counterclaim that Cocoon Australia had breached the Agreement.[2] K2M3 asserted that the Agreement was governed by Texas law, but did not challenge the Australian court's jurisdiction.

On September 23, 2010—two days after its appearance in the Australian court— K2M3 and Cocoon US filed suit in Harris County, asserting that Cocoon Australia had breached the Agreement. K2M3 and Cocoon US's petition also requested a temporary restraining order and injunctive relief enjoining Cocoon Australia from attempting to license the encryption technology to any other North American company.

On September 28, 2010, the Australian court issued a restraining order enjoining K2M3 from seeking a temporary restraining order in the Harris County lawsuit until October 14, 2010. On October 14, 2010, the Australian court issued a second order prohibiting K2M3 from seeking a restraining order in the Harris County suit. Despite these orders, K2M3 and Cocoon US filed an amended petition on October 21, 2010 in the Harris County suit, in which they requested a hearing on their application for a

---

[2] K2M3's "defence" responds to Cocoon Australia's allegations and asserts counterclaims. For example, the "defence" asserted:

> In answer to paragraph 6(a), the Defendant denies that the Plaintiff made the payments as described and says that the Plaintiffs is [sic] in breach of clause 8.1 of the Agreement which provided that the Plaintiffs were to make payments totaling US$1million by 30 October 2010.
>
> Particulars
>
> The Plaintiffs only paid US$167,000 and therefore owe US$833,000.

temporary injunction. The trial court held the temporary injunction hearing on November 12, 2010; counsel for appellants and Cocoon Australia appeared. K2M3 presented the testimony of Tinley. Both sides introduced exhibits.

On cross-examination, Tinley admitted that Cocoon Australia had sued K2M3 first in Australian court and that K2M3 had answered, but that K2M3 had not challenged the Australian court's jurisdiction. The Australian court's September 28 and October 14 restraining orders were introduced into evidence. On November 22, 2010, the trial court denied appellants' request for a temporary injunction.

On November 19, 2010, Cocoon Australia filed a motion to dismiss the Harris County suit for forum non conveniens. Cocoon Australia argued, among other things, that: (1) an alternate forum existed in Australia, a lawsuit litigating the same issue (breach of the Agreement) was pending in the Australian court, and K2M3 had appeared and asserted a claim for breach of the Agreement in that suit; (2) none of the parties were Texas residents and allowing duplicate litigation would result in unnecessary costs; (3) duplicate litigation could result in conflicting rulings; and (4) appellants had filed the Harris County suit "in brazen disregard" of the Australian court's orders. Appellants filed a response to Cocoon Australia's motion to dismiss in which they argued that: (1) they were required to bring their claims in Texas pursuant to a forum selection clause in the Agreement[3]; (2) any additional costs and risks to Cocoon

---

[3] The disputed clause in the Agreement states:

5.3 Governing Law

This Agreement is governed by and shall be construed in accordance with the laws of Texas, United States of America, and each party unconditionally and irrevocably submits to the exclusive jurisdiction of federal and state courts of Texas, United States of America. This Agreement is governed by and shall be construed in accordance with the laws of Texas and each party unconditionally and irrevocably submits to the exclusive

Australia as a result of the Harris County suit were "bargained for" when the parties signed the Agreement; and (3) the Harris County suit is not a "duplicate lawsuit" because appellants sought enforcement of the Agreement, whereas Cocoon Australia's Australia lawsuit sought termination of the Agreement.[4]

On December 10, 2010, the trial court held a hearing on Cocoon Australia's forum non conveniens motion. At the hearing, the trial court judge stated that he was "concerned about these claims being filed in two forums and parallel proceedings going on." He stated he was "not going to preside over a trial if there is a trial that has already taken place in Australia, and [was] sure the Justice down in Australia doesn't wish to preside over a trial where a trial's already taken place here in Texas." The trial court observed that, contrary to appellants' arguments, he was "not viewing [clause 5.3 in the Agreement] as a mandatory-forum selection clause." The court questioned the parties about the status of the Australian suit. Cocoon Australia's counsel stated that there was a pending hearing regarding appellants' repeated violations of the Australian court's restraining orders. The trial court repeatedly questioned appellants' counsel regarding the parties' relationship to Texas. Appellants' counsel responded that the contract "was performable" in Texas and the parties had agreed Texas was an appropriate forum. On

jurisdiction of federal and state courts of:

   (a)  in respect of any Court proceedings of any claims by [Cocoon Australia or MR] under or pursuant to this Agreement, Victoria, Australia, subject to paragraph (c) of this clause 5.3;

   (b)  in respect of Court proceedings of any claims by K2M3 under or pursuant to this agreement, Texas, United States of America, subject to paragraph (c) of this clause 5.3; and

We note that despite separate references in "(a)" and "(b)" to "paragraph (c) of this clause 5.3," there is no "paragraph (c)" in clause 5.3. Neither side acknowledges or explains this anomaly.

[4] The parties filed several additional replies and supplemental replies.

5

December 15, 2010, the trial court dismissed the case for forum non conveniens.

Appellants filed a motion for new trial which was overruled by operation of law. Appellants also timely requested findings of fact and conclusions of law and filed a notice of past due findings, but no findings of fact or conclusions of law were issued.[5]

## II. FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

By their first issue, appellants contend that the trial court erred in failing to file findings of fact and conclusions of law. Appellants timely filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law with respect to the trial court's decision to grant Cocoon Australia's motion to dismiss for forum non conveniens. Appellants cite Texas Rules of Civil Procedure 296 and 297. *See* TEX. R. CIV. P. 296, 297.[6] Rule 296 provides that "in any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296. The term "tried" for the purposes of rule 296 includes the disposition of a case rendered after an evidentiary hearing before the trial court upon conflicting evidence. *See Puri v. Mansukhani*, 973

---

[5] On August 29, 2011, Cocoon Australia filed a motion to dismiss this appeal as moot. Cocoon Australia attached to its motion a copy of the Australian court's July 29, 2011 judgment. The judgment assessed money damages against K2M3 in the amount of $250,960.73, plus costs; it also declared that the Agreement was validly terminated on May 17, 2010.

We may take judicial notice of the records in another court when, as here, we are provided with copies of those records. *See San Pedro Impulsora de Inmuebles Especiales, S.A. de C.V. v. Villarreal*, 330 S.W.3d 27, 43 n.12 (Tex. App.—Corpus Christi 2010, no pet.); *Brown v. Brown*, 145 S.W.3d 745, 750 (Tex. App.—Dallas 2005, pet. denied). Because the Australian court's judgment was not before the trial court, however, we do not rely on it in our analysis of the issues before us. *See Beard v. Comm'n for Lawyer Discipline*, 279 S.W.3d 895, 902 (Tex. App.—Dallas 2009, pet. denied) ("It is axiomatic that an appellate court reviews actions of a trial court based on the materials before the trial court at the time it acted."); *Methodist Hosps. of Dallas v. Tall*, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.) (same). We therefore deny Cocoon Australia's motion to dismiss the appeal.

[6] Rule 297 specifies the timetable for filing findings of fact and conclusions of law and the procedure for filing a notice of past due findings of fact and conclusions of law.

6

S.W.2d 701, 708 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that, for purposes of rule 296, a "case is 'tried' when there is an evidentiary hearing before the court on conflicting evidence."). When a judgment is rendered as a matter of law, findings and conclusions have no purpose and should not be requested or considered on appeal. *IKB Indus. (Nig.) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). Therefore, even when the trial court receives evidence, findings and conclusions are only appropriate if the trial court is called upon to determine questions of fact upon conflicting evidence. *Port Arthur Indep. Sch. Dist. v. Port Arthur Teachers Ass'n*, 990 S.W.2d 955, 958 (Tex. App.—Beaumont 1999, pet. denied); *see Ford v. City of Lubbock*, 76 S.W.3d 795, 796–98 (Tex. App.—Amarillo 2002, no pet.) (holding that, although evidence was attached to the plea and to the response, findings and conclusions could not properly be considered on appeal because no fact dispute existed).

Here, no witnesses testified and no evidence was introduced at the forum non conveniens hearing.[7] At the hearing, the trial court stated that it was "trying to refocus this discussion back to why [the lawsuit] is in Texas." In response to the court's questions, appellants' counsel admitted that appellants were both limited liability companies formed in Colorado. The trial court asked appellants' counsel to address why the court should not dismiss the suit on forum non conveniens grounds because the court "[saw] no relationship to the State of Texas." Appellants' counsel responded that the Agreement "was performable in the State of Texas" and that the parties had agreed that Texas was the appropriate forum. We conclude that the trial court's

---

[7] We note that testimony and evidence was introduced at the temporary injunction hearing, but there were no disputed fact issues regarding the forum non conveniens analysis.

dismissal of appellants' suit on grounds of forum non conveniens did not involve disputed facts but was decided as a matter of law. *See IKB Indus. (Nig.) Ltd.*, 938 S.W.2d at 443. Accordingly, findings of fact and conclusions of law were not required, and the trial court did not err in failing to issue them. *See Haddix v. Am. Zurich Ins. Co.*, 253 S.W.3d 339, 346 (Tex. App.—Eastland 2008, no pet.). We overrule appellant's first issue.

### III. DISMISSAL FOR FORUM NON CONVENIENS

By their second and third issues, appellants contend the trial court erred in dismissing their lawsuit on forum non conveniens grounds. Specifically, appellants contend: (1) there is no evidence that an adequate alternate forum exists (second issue); and (2) under common law forum non conveniens analysis, the balance of private-interest and public-interest factors did not favor dismissal (third issue).

### A. Standard of Review and Applicable Law

The determination of whether to grant or deny a motion to dismiss on the basis of the common law doctrine of forum non conveniens is committed to the sound discretion of the trial court. *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010). The trial court's decision is entitled to great deference and may be reversed only when there has been a clear abuse of discretion. *Id.* at 31, 35.

Forum non conveniens is an equitable doctrine exercised by courts to prevent the imposition of an inconvenient jurisdiction on a litigant. *Vinmar Trade Fin., Ltd. v. Util. Trailers de Mex., S.A. de C.V.*, 336 S.W.3d 664 671 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A trial court will exercise the doctrine of forum non conveniens when it determines that, for the convenience of the litigants and witnesses and in the interest of

8

justice, the action should be instituted in another forum. *Id.* at 672. "The 'central focus of the forum non conveniens inquiry is convenience.'" *Quixtar*, 315 S.W.3d at 33 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981)). In *Vinmar*, the Houston First Court of Appeals stated the applicable analysis:

> Building on its holding in *Gulf Oil Corp. v. Gilbert*,[8] the Supreme Court set out the framework for analyzing forum non conveniens in an international context in *Piper Aircraft*. First, "the court must determine whether there exists an alternative forum." The court considers the amenability of the defendant to service of process and availability of an adequate remedy in the alternative forum. Second, the court must determine which forum is best suited to the litigation. In performing this second step, a court must consider whether certain private and public interest factors weigh in favor of dismissal. A court must be mindful that "the ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice."

336 S.W.3d at 672 (citations omitted).

> As the Texas Supreme Court stated in *Quixtar*:

> The well-known *Gulf Oil* factors direct courts to consider both public and private interest considerations in forum non conveniens dismissals. Private considerations include: (1) the "relative ease of access to sources of proof"; (2) the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) the "possibility of view of premises, if view would be appropriate to the action"; (4) the "enforceability of a judgment" once obtained; and (5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." Public considerations include: (1) "[a]dministrative difficulties . . . for courts when litigation is piled up in congested centers instead of being handled at its origin"; (2) the burden of "jury duty . . . that ought not to be imposed upon the people of a community which has no relation to the litigation"; (3) "local interest in having localized controversies decided at home"; and (4) avoiding conflicts of law issues.

315 S.W.3d at 33–34.

"A defendant seeking forum non conveniens dismissal 'ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.'" *Quixtar*, 315 S.W.3d at 31 (quoting

---

[8] *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

9

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)), However, when, as here, the appellants are not Texas residents, "a nonresident plaintiff's forum choice does not require 'the same balancing of interests' as a resident plaintiff's." *Id.* at 32 (quoting *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 680 (Tex. 2007) (Willett, J. concurring)). Thus, the presumption that appellants filed in Texas as a matter of convenience "applies with less force and deserves 'substantially less deference'" than it would if appellants were Texas residents. *See id.* at 33 (quoting *Pirelli*, 247 S.W.3d at 675). Here, Cocoon Australia had the burden of proof, but because appellants are not Texas residents, its burden of proof is less stringent than if appellants were Texas residents. *See id.*

## B. Analysis

### 1. Australia as an Alternative Forum

We begin by addressing appellants' complaint that there is no evidence that an adequate alternative forum exists. Appellants assert that "Australia is inadequate because K2M3 is unlikely to be allowed to pursue a cause of action there because K2M3 is required by [the Agreement] to bring suit in Texas." In other words, appellants argue that they are contractually "obligated to bring lawsuits stemming from [the Agreement] in Texas courts." Appellants concede that they have never asserted "that Australia is an inadequate forum to hear cases of this nature." They argue only that clause 5.3(b) of the Agreement bars K2M3 from maintaining any claim in Australia. Appellants thus assert that they have "no adequate remedy" if forced to file suit in Australia because an Australian court would "take one look at the [Agreement] before throwing the case out pursuant to [clause] 5.3." In their reply brief, appellants further

10

argue that, because the Australian court has rendered judgment against them and declared that the Agreement is terminated, they "have been left with no legal course of action by the Australian court."

Cocoon Australia characterizes the issue as "whether the trial court abused its discretion in not considering K2M3's fear that an Australian court will *sua sponte* invoke the forum selection clause and dismiss K2M3's suit, denying it a forum." Cocoon Australia argues that: (1) because appellants did not raise the issue that an Australian court would reject any attempt by K2M3 to bring suit in Australia in either their response to the motion to dismiss or in their reply to Cocoon Australia's supplemental reply to the motion, they waived the issue; and (2) appellants' argument lacks merit because after appellants appeared in the Australian court and filed a counterclaim, the Australian court did not dismiss their claim, but attempted to compel K2M3's continued participation in the Australian suit.

We note that, in their response to Cocoon Australia's motion to dismiss, appellants argued: "Given the restrictions of the [Agreement], [appellants] had no 'choice' of forum at all; they were bound to the terms of the contract they signed." We need not decide, however, whether appellants preserved their issue that an Australian court would *sua sponte* dismiss any claim that K2M3 brought in Australia, because we conclude it is without merit.[9] Attached to Cocoon Australia's motion to dismiss, among other documents, were copies of the Australian lawsuit, the notice of K2M3's

---

[9] *See Vinmar Trade Fin., Ltd. v. Util. Trailers de Mex., S.A. de C.V.*, 336 S.W.3d 664, 674 n.1 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("Because the substance of Vinmar's arguments are without merit, we need not determine whether the arguments were timely raised.").

11

appearance, K2M3's answer and counterclaim, and the Australian court's restraining orders.

"An alternative forum exists when it is both available and adequate." *Vinmar*, 336 S.W.3d at 674; *see RSR Corp. v. Siegmund*, 309 S.W.3d 686, 710 (Tex. App.—Dallas 2010, no pet.); *Sarieddine v. Moussa*, 820 S.W.2d 837, 841 (Tex. App.—Dallas 1991, writ denied). "A 'foreign forum is available when the entire case and all the parties can come within the jurisdiction of that forum.'" *Vinmar*, 336 S.W.3d at 674 (quoting *Sarieddine*, 820 S.W.2d at 841). "A forum is 'adequate' if the parties will not be deprived of all remedies or treated unfairly." *RSR Corp.*, 309 S.W.3d at 710. "If the defendant demonstrates another available forum exists, the plaintiff must then prove the available forum is inadequate." *Id.*

Appellants concede that they have never asserted "that Australia is an inadequate forum to hear cases of this nature." We thus focus on whether, at the time of the trial court's decision, Cocoon Australia established that Australia was an available forum.[10] We conclude that Cocoon Australia met its burden. Both Cocoon Australia parties are Australian corporations. K2M3's appearance and counterclaim in the Australian court established that it consented to jurisdiction there. *See Sarieddine*, 820 S.W.2d at 842 (citing *Piper Aircraft*, 454 U.S. at 242 (holding that a defendant is amenable to process for purposes of a forum non conveniens analysis where the defendant agreed to "submit to the jurisdiction statutes of the Scottish courts.")). With regard to Cocoon US, it was not a party to the Australian suit and did not consent to jurisdiction there. However, Australia was an available forum for Cocoon US because

---

[10] *See Beard*, 279 S.W.3d at 902 (Tex. App.—Dallas 2009, pet. denied) ("It is axiomatic that an appellate court reviews actions of a trial court based on the materials before the trial court at the time it acted.").

12

the Agreement did not prohibit it from filing a claim in Australia, and it could have done so. We overrule appellants' second issue.

### 1. Analysis of Private and Public Factors

By their third issue, appellants contend that the trial court abused its discretion by dismissing for forum non conveniens because the *Gulf Oil* factors do not support dismissal. Cocoon Australia's motion to dismiss for forum non conveniens asserted that appellants' breach of contract claim was "between non-Texas residents that have no connection to Texas." At the forum non conveniens hearing, counsel for Cocoon Australia argued that: "Two of the board of directors of Military Resources are in Australia. [11] The only person here is Mr. Tinley and even he apparently lives in Los Angeles. And the other board of director [sic], Mr. Kettler, is somewhere in Austin. Texas has nothing to do with this." The record reflects that Trent Telford is a director of both Cocoon Australia corporations. The record also contains an affidavit from David Dobbs, a member of the board of directors of MR, in which he states that he was not asked to vote on the dissolution of MR. Cocoon Australia also submitted the affidavit of Kevin Kettler, in which he states that his appointment as a director of MR was not formalized and that he was never asked to vote on the dissolution of MR or on the formation of a company to substitute for MR.

Cocoon Australia argues that: (1) "three of the four key witnesses with knowledge of facts, including [a]ppellants' Mr. Tinley, are not Texas residents"; (2)

---

[11] Paragraph 10.1 of the Agreement provides that MR will be supervised by a board of directors, initially composed of Mat Tinley, Kevin Kettler, David Dobbs, and Trent Telford. Although the record is unclear, Cocoon's counsel was presumably referring to Dobbs and Telford as the two directors of MR in Australia. Telford executed the Agreement on behalf of Cocoon Australia. Richard Wilensky executed the Agreement on behalf of MR and K2M3.

13

"[s]ince none of the companies are Texas entities, all pertinent records are located outside of Texas"; and (3) permitting duplicate litigation causes delay, inefficiencies, and increased costs. They further argue that the public factors favor dismissal because when the trial court inquired about the relationship to Texas, appellants' only response was that some of the negotiations leading up to the Agreement occurred in Texas and some of the potential customers were in Texas.

Appellants contend that they each maintain offices in Texas,[12] and that crucial fact witnesses Kevin Kettler and Richard Wilensky, a representative of K2M3, reside in Texas.

None of the parties are Texas residents. "There is a connection to Texas when one of the parties is a Texas resident and at least some justification for the burden to Texans of providing judicial resources for the dispute." *Quixtar*, 315 S.W.3d at 33. Of the five witnesses with knowledge of the facts—Tinley, Kettler, Dobbs, Telford, and Wilensky—only two (Kettler and Wilensky) are Texas residents. As the supreme court noted in *Quixtar*, "[i]t is an 'obvious conclusion' that costs will increase when witnesses travel great distances." *Id.* at 35.

At the forum non conveniens hearing, in response to the trial court's comment that he "saw no relationship to the State of Texas," appellants' counsel responded that the Agreement was performable in Texas (and in "all of North America"), and the parties agreed that Texas was the appropriate forum. A forum-selection clause is considered as a factor in determining whether the trial court erred by dismissing a case for forum

---

[12] We note that the evidence supporting Cocoon US's contention that it maintains an office in Texas is dated October 28, 2010, *after* appellants filed suit in Texas. Appellants submitted the affidavit of Tinley, dated December 14, 2010, after the forum non conveniens hearing and one day before the trial court signed the dismissal order. Tinley's affidavit stated that K2M3 and Cocoon US have principal places of business in Dallas, Texas.

14

non conveniens. *RSR Corp.*, 309 S.W.3d at 711 (citing *Sarieddine*, 820 S.W.2d at 839). Even so, considering all of the foregoing, we cannot conclude that the trial court abused its discretion.

"[F]orum non conveniens dismissals are within the sound discretion of the trial court and involve weighing various factors that may be difficult to quantify." *Quixtar*, 315 S.W.3d at 35. We hold that the trial court did not abuse its discretion by dismissing the claims under the doctrine of forum non conveniens. *See Vinmar*, 336 S.W.3d at 680. We overrule appellants' third issue.

## IV. CONCLUSION

We affirm the order of the trial court.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
28th day of June, 2012.