

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00696-CV

Jaime P. **MARTINEZ** and Hector Carrillo,
Appellants

v.

Margaret **MORAN**, Purported National President of
the League of United Latin American Citizens aka (LULAC), et al.,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-19501
Honorable David A. Berchelmann, Jr., Judge Presiding[1]

Opinion by:     Karen Angelini, Justice

Sitting:     Karen Angelini, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  May 22, 2013

AFFIRMED

The controversy underlying this appeal centers on the 2010 election of the national president of the League of United Latin American Citizens ("LULAC"). At the time of the election, LULAC's right to conduct affairs in the State of Texas had been forfeited. Jaime P. Martinez and Hector Carrillo filed a lawsuit seeking declaratory relief relating to the election and the forfeiture of LULAC's right to conduct affairs in Texas. The trial court granted two separate

---

[1] Appellants appeal two separate orders granting pleas to the jurisdiction. The Honorable Peter Sakai signed the order granting the first plea to the jurisdiction, and the Honorable David A. Berchelmann, Jr. signed the order granting the second plea to the jurisdiction.

pleas to the jurisdiction which dismissed all of Martinez's and Carrillo's claims. Martinez and Carrillo contend on appeal that the trial court erred in granting the pleas and in failing to enter findings of fact and conclusions of law. We affirm the trial court's orders.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

If an appellant properly requests findings of fact and conclusions of law in accordance with Rules 296 and 297 of the Texas Rules of Civil Procedure, and the trial court fails to comply, an appellant is presumed to be harmed if the appellant is forced to guess the basis of the trial court's decision and thereby prevented from properly presenting her appeal. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). In order to properly request findings of fact and conclusions of law, the appellant must have: (1) filed a timely request for the findings of fact and conclusions of law pursuant to Rule 296; and (2) filed a timely "Notice of Past Due Findings of Fact and Conclusions of Law" pursuant to Rule 297. TEX. R. CIV. P. 296, 297.

In this case, Martinez and Carrillo timely filed a request for findings of fact and conclusions of law pursuant to Rule 296. Although the clerk's record initially filed in this appeal did not contain a "Notice of Past Due Findings of Fact and Conclusions of Law," Martinez and Carrillo attached a file-stamped copy of their notice to their reply brief, and this court ordered a supplemental clerk's record containing the document. Although the trial court clerk initially informed this court that a supplemental clerk's record would promptly be filed containing the notice, the trial court clerk subsequently filed a letter in this court stating that the notice could not be located. Even if we assume for purposes of this decision that Martinez and Carrillo properly requested the findings of fact and conclusions of law in compliance with Rules 296 and 297, the trial court had no duty to file findings of fact and conclusions of law because the underlying cause was dismissed for lack of subject matter jurisdiction and no evidentiary hearing was held. *See U. Lawrence Boze' & Associates, P.C. v. Harris County Appraisal Dist.*, 368 S.W.3d 17, 32-33 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *F-Star Socorro, L.P. v. El Paso Cent.*

*Appraisal Dist.*, 324 S.W.3d 172, 175 (Tex. App.—El Paso 2010, no pet.); *Ford ex rel. Williams v. City of Lubbock*, 76 S.W.3d 795, 796-98 (Tex. App.—Amarillo 2002, no pet.). Therefore, this complaint is overruled.

## FIRST PLEA TO THE JURISDICTION

In their first issue, Martinez and Carrillo assert that the trial court erred in granting the appellees' first plea to the jurisdiction. After citing case law regarding the standard of review and standing, the only argument Martinez and Carrillo make in their brief is the following:

> At the time of the decision on the Plea to the Jurisdiction, there was an existing controversy and Plaintiffs sought damages and attorneys' fees. There existed a question as to these damages, aside from the declaratory relief sought. For these reasons, the Court should reverse the rulings on the pleas to the jurisdiction in whole or in part and remand to the trial court for a trial on the merits.

It appears that Martinez and Carrillo may be arguing that their pleading contained a claim for damages that the trial court did not recognize in ruling on the first plea to the jurisdiction. We note, however, that Martinez's and Carrillo's Original Petition for Declaratory Relief and Appointment of Receiver (which was the live pleading at the time of the hearing on the first plea) did not contain a claim for damages.

At the conclusion of the hearing on the first plea, the trial court announced its ruling and granted LULAC's plea as to the declaratory relief sought by Martinez and Carrillo in paragraphs A, B, and E of the petition.[2] The trial court stated that it was "persuaded that the plaintiff's [sic] do not have standing to dissolve the LULAC Corporation pursuant to the cases and the law that was presented to the Court." One of those cases, *Saenz v. Garza*, No. 03-05-00318-CV, 2007 WL 74279, at *3, 5 (Tex. App.—Austin Jan. 12, 2007, no pet.), held that only the Attorney

---

[2] Paragraphs A, B, and E requested the following declaratory relief:
  A.  That the Court enter a judgment holding that LULAC, a Non Profit Corporation was involuntarily dissolved on or about April 8, 2005 until on or about October 14, 2010;
  B.  That the Court enter a Judgment holding that Defendant, LULAC had no authority to conduct any business nor take any action as LULAC since Defendant's legal entity and existence had been forfeited, dissolved, and terminated by the Texas Secretary of State on April 8, 2005;
  E.  That the Court appoint a Receiver to conduct the affairs of LULAC, a Texas the [sic] Non-Profit Corporation to assure compliance with the laws under the Texas Business Organizations Code.

General in a quo warranto proceeding could obtain a declaratory judgment that a corporation was dissolved and did not validly exist. Martinez's and Carrillo's brief contains no argument addressing this ruling or the law relied upon by the trial court in making its ruling. Accordingly, we also do not address the merits of the trial court's ruling.[3]  *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain a clear and concise argument for contentions made with appropriate citations to authorities); *Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 562 (Tex. App.—San Antonio 2011, no pet.) (failure "to provide a clear argument or supporting authority waives the claimed error"); *Brown v. Hearthwood II Owners Ass'n, Inc.*, 201 S.W.3d 153, 161 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (failure to "advance substantive analysis waives the issue on appeal").

## SECOND PLEA TO THE JURISDICTION

In their second issue, Martinez and Carrillo assert the trial court erred in granting the second plea to the jurisdiction and dismissing the case. After briefly summarizing the arguments made in the plea and their response, the only argument Martinez and Carrillo make in their brief regarding the trial court's granting of the second plea is as follows:

> Contrary to Judge Sakai's ruling and ignoring the Plaintiffs/Appellants['] request for damages and attorneys['] fees under the Declaratory Judgment Act, Judge Berchelmann dismissed the case. The trial court ignored the prior caselaw set out above and ignored Plaintiffs/Appellants['] entitlement to and request for damages.

The only case law "set out above" in the brief addressed the standard of review and standing. As Martinez and Carrillo recognize in their brief, however, "Defendants/Appellees argued at the hearing that because the terms of the office had already ended, all of the issues were moot." Martinez and Carrillo do not discuss in their brief how the trial court erred in dismissing their

---

[3] With regard to the relief requested in Paragraph B, we note that the record establishes that LULAC also was organized or incorporated under the laws of other states. We also note section 22.362(c)(1) of the Texas Business Organizations Code states that the forfeiture of the right to conduct affairs in Texas does not impair the validity of an act of the corporation. TEX. BUS. ORGS. CODE ANN. § 22.362(c)(1) (West 2012).

claims on the ground that they were moot.[4]  Moreover, the appellees also argued at the hearing that Martinez and Carrillo failed to exhaust their administrative remedies regarding their claim for damages for the election expenses they incurred and the dues they paid.[5]  Martinez and Carrillo do not raise any challenge in their brief with regard to this possible basis for the trial court's ruling.  Because Martinez and Carrillo do not analyze the alternative grounds for the trial court's ruling, we also do not address the merits of the trial court's ruling.  *See* TEX. R. APP. P. 38.1(i); *Prize Energy Resources, L.P.*, 345 S.W.3d at 562; *Brown*, 201 S.W.3d at 161.

## CONCLUSION

The trial court's orders are affirmed.

Karen Angelini, Justice

---

[4] For example, Martinez and Carrillo sought a declaratory judgment that "a new election be ordered as soon as possible and conducted by a neutral third party trustee appointed by the court."  In their second plea, the appellees asserted that a new election was held on July 2, 2011.  The trial court held its hearing on the second plea on July 20, 2011.

[5] In their second plea, the appellees asserted Martinez and Carrillo "did not exhaust their administrative remedy of appeal to either the National Board or the National Assembly."  The only evidence of any administrative action pursued by Martinez or Carrillo was a formal complaint dated August 13, 2010, that Carrillo filed with the National Board of Directors, seeking to remove the national president from office for misfeasance and malfeasance based on irregularities in the 2010 election because unqualified people were allowed to vote and some of the delegates were improperly paid.